FREDERICK SCHAEFER et al., Appellants, *v.* CHARLES HENKEL, Respondent.

Where it distinctly appears from an instrument under seal that the seal affixed is the seal of the person subscribing, who designates himself as agent, and not the seal of the principal, the former only is the real party who can maintain an action upon the instrument.

In order to take a case out of the general rule, where the contract is one valid without a seal, it must appear from the instrument that it was really made on behalf of the principal, or that he has derived benefit from and accepted and confirmed it by acts on his part.

B. having oral authority from plaintiffs to lease certain premises owned by them, executed in his own name, adding thereto the word "agent," a lease under seal, in which he described himself as " agent and party of the first part," but without stating for whom he acted as agent. In an action upon the lease, *held*, that in the absence of proof that the lessee had knowledge that such agent was acting for the owners, or had recognized their rights, and in the absence of an assignment of the lease, said owners could not maintain an action thereon in their own name to recover rent accruing thereunder; that such an action was not authorized by the provision of the Code (Old Code, § 111) requiring an action to be prosecuted in the name of the real party in interest, as the parties executing such an instrument are the real parties in interest, they only being bound thereby; also that the contract could not be regarded as a simple contract and the seal rejected as surplusage.

The lessee went into possession and paid rent, but it did not appear that he was in possession, otherwise than under the lease, or that any payment of rent had been made to plaintiffs. *Held*, that the presumption was that the occupancy was under the lease, and that the evidence failed to show a ratification of the lease by plaintiffs.

Conceding that plaintiffs might have maintained an action for an occupation upon showing that B. had acted without authority in taking the lease in his own name ; or that upon setting forth the want of authority the lease might be resorted to as evidence of the terms of the agreement, although it could not be enforced as a specialty, this does not authorize a recovery where the action is founded solely upon the instrument, and where upon the trial plaintiffs claim to recover solely by virtue thereof.

*Evans* v. *Wells* (22 Wend., 324) ; *Haight* v. *Sahler* (30 Barb., 218) ; *Randall* v. *Van Vechten* (19 J. R., 60), distinguished.

(Argued March 21, 1878 ; decided December 10, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas, affirming a judgment in favor of defendant, entered upon an order dismissing complaint on trial.

This action was upon a lease under seal of certain premises in New York, which lease was executed by "J. Romaine Brown, agent," as lessor and by defendant as lessee.

The facts appear sufficiently in the opinion.

*James A. Deering,* for appellants.  Plaintiffs, being the principals of Brown, can sue upon the agreement made in his, Brown's name.  (*Coleman* v. *Loder,* 53 N. Y. 373; *Dykers* v. *Townsend,* 44 id., 61 ; *Ford* v. *Williams,* 21 How., 289 ; Story on Agency, §§ 420, 148, 160, 163.)  The fact that the lease was under seal and signed by Brown as agent did not affect plaintiffs' right to sue.  (2 R. S. [2d ed.], 139, § 8 ; 1 id., 689 ; *Haight* v. *Sahler,* 30 Barb., 218 ; *Worrall* v. *Munn,* 2 N. Y., 229 ; *Morgan* v. *Reid,* 7 Abb., 215 ; *Lawrence* v. *Taylor,* 5 Hill, 113 ; *Bank of Columbia* v. *Patterson,* 7 Cranch, 229 ; *Evans* v. *Mills,* 12 Wend., 340 ; *Randall* v. *Van Vechten,* 19 J. R., 60 ; *Dubois* v. *D. and H. Canal Co.,* 4 Wend., 285 ; *Evans* v. *Wells,* 22 id., 324 ; Story on Agency, § 277 ; 1 Am. Ldg. Cas., 735, note.)  Under the Code plaintiffs alone could sue on the contract made by Brown.  (Code, §111 ; *Cummings* v. *Morris,* 3 Bosw., 560 ; *Seldon* v. *Pringle,* 17 Barb., 468 ; *Hastings* v. *McKinley,* 1 E. D. S., 273 ; *Considerant* v. *Brisbane,* 2 Bosw., 470 ; 22 N. Y., 389 ; *Pavi* v. *Guilford,* 10 id., 273.)

*James Clark* and *J. Henry McCarthy,* for respondent. Plaintiffs could not maintain an action upon the lease in suit. (Chitty on Con. [11th Am. ed.], 77; *Clarke's Lesse* v. *Courtney,* 5 Pet., 319; *Spencer* v. *Field,* 10 Wend., 88; *Howe* v. *Howe,* 1 N. H., 49; *Hinkley* v. *Fowler,* 15 Mass., 285; *Townsend* v. *Hubbard,* 4 Hill, 351 ; Taylor on L. and F., § 139; *Briggs* v. *Partridge,* 64 N. Y., 362; *Un. I. R. Co.* v. *Tomlinson,* 1 E. D. S., 364; *Andrew* v. *Estes,* 11 Me., 267; *N. E. Mar. Ins. Co.* v. *De Wolf,* 8 Pick., 56; *Potts* v. *Rider,* 3 Harr. [Ohio], 71 ; *Berkeley* v. *Hardy,* 5 B. & C., 355 ; *Montague* v. *Smith,* 13 Mass., 404 ; *Combe's Case,* 9 Coke, 75 ; Story on Agency [4th ed.], §§ 160, 270, 422 ; *Huntington* v. *Knox,*

7 Cush., 374.)   Even if it was not necessary that the lease should be under seal this does not help plaintiffs. (*Briggs* v. *Partridge*, 64 N. Y., 364–365.)   The difficulty is not removed by section 111 of the Code of Procedure. (*Townsend* v. *Hubbard*, 4 Hill, 351; *C. and G. E. R. Co.* v. *Dane*, 43 N. Y., 240; *Lester* v. *Jewett*, 12 Barb., 502; *Dean* v. *Roesler*, 1 Hilt., 420; *Un. I. R. Co.* v. *Tomlinson*, 1 E. D. S., 364.)   Plaintiffs may sue as assignees of Brown or sue in Brown's name. (*Potts* v. *Rider*, 3 Harr. [Ohio], 71; *Vernon* v. *Smith*, 15 N. Y., 327.)

MILLER, J.   The plaintiffs were not parties to the lease upon which this action was brought.   It was not signed by them.   Their names did not appear in it, and there was nothing in the lease to show that they had anything to do with or any interest in the demised premises or the execution of the lease, or that it was executed in their behalf.   It was made by one Brown, as lessor, who is described therein, and who signed it, as agent; but it is not stated in the lease for whom he acted.   The covenants are all between " J. Romaine Brown, agent, the party of the first part," and the defendant, as party of the second part; and it is not made to appear that the defendant had any knowledge or intimation whatever that Brown was acting on the behalf of the plaintiffs or for their benefit.   For whom Brown was agent was not made known to the defendant, and it only appears by parol proof upon the trial that Brown was authorized orally by the plaintiffs to make a demise of the premises described in the lease.   The signature of Brown is as agent, and his seal is attached to the instrument, and the same is also signed and sealed by the defendant.   The plaintiffs, without any assignment of Brown's interest under the lease, bring this action to recover the rent unpaid, upon the ground that Brown merely acted as their agent by their authority, and that they are the actual parties in interest. The question to be determined is whether the actual owners of the lease, which is in the nature of a deed *inter partes*,

which was not and does not on its face show that it was executed by them, but which does show an execution by a third person, claiming to act as agent without disclosing the name of his principal, and which contains covenants between the parties actually signing and sealing the same, can maintain an action upon it for the rent reserved therein, even although the person who executed the same, describing himself " agent and party of the first part," had oral authority to enter into the contract, and acted as the owner's agent in the transaction. The rule seems to be quite well established, that in general an action upon a sealed instrument of this description must be brought by and in the name of a person who is a party to such instrument, and that a third person or a stranger to the instrument cannot maintain an action upon the same. The question presented has been the subject of frequent consideration in the courts, and I think it is established in this State that where it distinctly appears from the instrument executed that the seal affixed is the seal of the person subscribing, who designates himself as agent, and not the seal of the principal, that the former only is the real party who can maintain an action on the same. He alone enters into the covenants and is liable for any failure to fulfill, and he only can prosecute the other party. He is named in the indenture as a party, and an action will not lie on behalf of or against any person who is not a party to the instrument, or who does not lawfully represent or occupy the place of such party. It is unnecessary to review all the decisions bearing upon the question, as in a very recent case the principle discussed has been considered by this court, and the whole subject, as well as the decisions relating to the same, deliberately and carefully reviewed. See *Briggs* v. *Partridge* (64 N. Y., 357). In the case cited, an action was brought to recover purchase-money unpaid upon a contract for the sale and purchase of lands. The complaint alleged that the plaintiffs entered into an agreement in writing with one Hurlburd, who was acting under the authority of the defendants, whereby the plaintiffs sold and the defendants

through Hurlburd bought a certain described piece of land, for a price named, which price the defendants, through their agent, Hurlburd, agreed to pay, as specified. The agreement was in writing, but did not show that Partridge was a principal party, and was signed and sealed by Hurlburd individually. The name of Partridge did not appear in the instrument, but the plaintiffs offered to prove that Hurlburd was acting solely for and under the direction of Partridge, who made or caused the first payment to be made as Partridge's agent or trustee in the transaction, and that his authority was oral. Proof was also offered to show that Hurlburd was constituted such agent by parol; and that the plaintiffs did not know that Partridge was the real principal. The complaint was dismissed, and it was held by this court that a contract of this description under seal could not be enforced as the simple contract of another not mentioned in or a party to the instrument, on proof that the vendee named had oral authority from such other to enter into the contract, and acted as agent in the transaction; at least, in the absence of proof of some act of ratification on the part of the undisclosed principal. The opinion of ANDREWS, J., in the case cited, fully covers the question now presented; and it appears to be unnecessary to review or examine the prior cases which have a bearing upon the subject. Unless some distinction of a vital character exists between that case and the one now to be determined, the former must be regarded as decisive of the case at bar.

The claim of the learned counsel for the appellant, that as the contract in case of a lease is not required to be under seal, it may be regarded as a simple contract, upon which the principal may sue or be sued in his own name, and the seal may be rejected as surplusage, is also considered in the opinion in the case cited; and without indorsing the correctness of the cases relied upon, it is remarked that these are cases which hold this doctrine; "but the principal's interest in the contract appears upon its face, and he has received the benefit of performance by the other party, and has ratified

and confirmed it by acts *in pais.*" It is therefore settled law, that in order to take a case out of the general rule, where the contract is one which is valid without a seal, and the seal is therefore of no account, it must appear that the contract was really made on behalf of the principal, from the instrument, and that the party derived benefit from and accepted and confirmed it by acts on his part. Within this rule, it remains to be considered whether the case at bar differs from that cited. An attempted distinction is sought to be maintained, for the reason that, in the case cited, Hurlburd, the agent, did not enter into the agreement to sell as *agent,* while here Brown signs as agent, which, it is claimed, is notice of the capacity in which he contracts. This, we think, is not sufficient; and to establish any real distinction it should appear for whom he was agent, and that the parties claiming were his principals. The plaintiffs not being named in the lease, and it not appearing that they had any interest therein, there is no more ground for claiming that Brown was their agent than that he was the agent of some stranger. The use of the word *agent* has but little significance of itself, and as the principals are not named, cannot be regarded as applying more to one person than to another. It did not take away from Brown's obligation, because he is named as agent. The covenants are between the parties who are only named in the instrument and no other parties. Any other interpretation would be a contravention of its obvious import. As was said in the case cited : "We find *no* authority for the proposition that a contract *under seal* may be turned into the *simple contract* of a party not in any way appearing on its face to be a party to or interested in it, on proof *dehors* the instrument, that the nominal party was acting as the agent of another." To render the principal liable, where there is a contract by deed, made by an attorney or agent, it must be made in the name of the principal : (*Huntington* v. *Knox,* 7 Cush., 374, cited and approved in *Briggs* v. *Partridge, supra.*) It would be going very far to hold that

a distinction so trifling and unimportant would authorize a disregard of the decision cited, and thus virtually establish a new and different principle than the one which has been settled thereby.

Another point is made, that the plaintiffs have ratified the contract, and the defendant has been in possession, and has paid the plaintiffs $150 on account of the rent. There is no evidence of any possession otherwise than that under the lease which was executed by Brown; and the presumption is that it was in pursuance thereof, and not under the plaintiffs. Nor does the proof show any payment of rent to the plaintiffs. The complaint alleges that no part has been paid, except the sum of $150; and the proof shows that a balance was due, deducting this. It may therefore have been paid to Brown and not to plaintiffs; and no presumption arises that it was to the plaintiffs. The case of *Briggs* v. *Partridge* (*supra*), disposes of the question considered; and if we follow that decision, there is no ground for claiming that the plaintiffs can maintain the action.

It is also urged that the plaintiffs can maintain the action under the Code (§ 111) as the real parties in interest. One great object of this provision was, to enable an assignee of a *chose* in action to sue in his own name; and it would be placing a construction upon this provision which is I think unwarranted, to hold that a sealed instrument executed by parties belongs to another, without any transfer whatever by a party named therein. The parties whose signatures and seals are affixed to such an instrument, and who alone are named therein, are the real parties in interest, for they only are bound thereby. No right therefore exists in a stranger as against one of them, until there is an assignment of the interest of such party. It is enough to say that the plaintiffs were not lawfully entitled to the rent, under the lease, or the defendant bound to pay them therefor, until a transfer of the lessor's interest, or until some recognition of the plaintiffs' title thereto by the defendant, which does not appear to have been made. For anything which appears,

another suit may have been brought by Brown to recover the very same rent, and it is not clear what valid defense could be interposed to such an action.

The waiver of further testimony on the trial by the defendant did not, we think, aid the plaintiffs' case. It was accompanied by a distinct statement of the grounds upon which the defendant claimed that the plaintiffs had failed to make out a case, and that it was not claimed, on the part of the plaintiffs, that the premises described in the complaint were let or demised to the defendant, otherwise than by the indenture of lease or otherwise occupied by him. This left the case to be determined upon the lease as given in evidence, and did not warrant an inference that there was other evidence to establish the plaintiffs' claim.

It is urged that it is not essential to the plaintiffs' right to recover that they should claim under the lease, but as the contract is one not required to be under seal or even in writing, there is no ground for claiming that the principal can be deprived of his remedy. It is a complete answer to this position to say that no such question was presented upon the trial, and the plaintiffs do claim under the lease. The complaint sets it up, and the evidence establishes its execution. Had the plaintiffs sued for use and occupation, claiming that Brown, as their agent, had acted without authority in taking the lease in his own name, and that it really was made for the plaintiffs' benefit, a different case would arise. But such is not the fact; but the claim of the plaintiffs to recover rent rests upon the lease entirely.

Nor can it be claimed, upon any valid ground, that the question now presented is whether the lease is a bar, for the apparent reason that the plaintiffs have made the lease the foundation of their right to recover, and claim under it, and under no other or different agreement.

. Upon the trial, the plaintiff proved by the agent, Brown, that he was authorized orally to demise the premises, in the complaint mentioned, and that he did so by the instrument in question. It was also proved that the defendant entered

upon the premises and occupied the same; and that the amount claimed was due thereon.  At this stage of the case, the defendant's counsel claimed that the lease was not the act and deed of the plaintiffs; and that they had no cause of action arising out of the same against the defendant, no proof being offered, and it not being claimed that the premises were let otherwise than under the lease.  The plaintiffs made no application to amend the pleadings, nor any claim that a recovery could be had except upon the lease.  As no question was made upon the trial as to the authority of the agent to make the lease in the form it was executed, it cannot be urged, upon this appeal, that the question arises whether the agent could cut off the plaintiffs' rights or remedy.  In the absence of direct proof that the agent exceeded his authority, and without the presentation of such a question upon the trial, it is difficult to see upon what basis any such claim rests.  Even if, in a suit brought for that purpose, where the complaint sets forth all the facts, the acts of the agent, when he exceeds his powers, may be disregarded, there is no principle which upholds the doctrine, and no authority for holding that when the action is brought upon the instrument itself, which is now alleged to have been unauthorized, and no proof given of any want of authority or point made upon the trial on the subject, that the plaintiff can recover.  But it is sufficient to say that the plaintiffs did not seek relief upon any such ground, either in the complaint or upon the trial.  If they had applied to amend the complaint, it would have rested with the court to determine whether the amendment proposed was proper, and upon what grounds or terms, if any, such an application should be granted.  Some authorities are cited, for the purpose of upholding the position that the deed may be resorted to as evidence of the terms of the agreement, although it cannot be enforced as a specialty.  Conceding that this may be done, when the action is brought setting forth the want of authority, we think that such is not the case where the complaint in the action is founded entirely upon the instrument,

and the plaintiffs upon the trial claimed to recover solely by virtue thereof. A reference to some of the cases relied upon does not, I think, sustain the doctrine contended for, where no issue is made as to the authority of the agent. In *Evans* v. *Wells* (22 Wend., 324) the action was brought against the makers of a promissory note; and the question involved was as to the authority of an agent to execute a release in his own name to compromise the claim, and the competency of proof showing a ratification by parol and an acceptance of the fruits of the release, as well as the effect of the same. It is quite manifest that the testimony was competent, as this distinct issue was presented upon the trial; and while the decision of the court was entirely correct, it has no application to the case at bar. It may be added, that the case is an authority against the plaintiffs, as it was held that the release was invalid as to the principal, and could only be made binding by a subsequent ratification. *Haight* v. *Sahler* (30 Barb., 218), holds that a corporation is liable upon its contract, although the agents have affixed their own seals, when the instrument on its face purports to have been executed by the corporation, and their acts were ratified by the corporation, and it is apparent that there was no intention to bind the agents. This was decided upon the authority of *Randall* v. *Van Vechten* (19 Johns., 60); but neither of these cases affect the question now considered. The other cases cited do not aid the plaintiffs' case, or present the characteristic features which distinguish the case at bar. We do not deem it necessary to examine them fully; and it is enough to say that none of them hold that, under circumstances like those here presented, the principal can recover.

The principle has long been settled by authority that to render an instrument of this nature, signed by an agent in his own name, binding on the principal, it must appear from the contract itself that it purports to be made by the principal, before it can be considered as obligatory upon the principal. See *Squier* v. *Norris* (1 Lans. 282), where the authorities are considered. This rule is applicable here; and

it is too late, we think, to change a principle which has so long been acquiesced in.

We find no error on the trial, and are of opinion that the judgment must be affirmed.

CHURCH, Ch. J., FOLGER, ANDREWS and EARL, JJ., concur.

RAPALLO and ALLEN,* JJ., dissent.

Judgment affirmed.

---

* This case was in fact decided prior to the death of Judge ALLEN, but decision was not announced until the date under which it is reported —[REP.