JEFFERSON CARLEY, PLAINTIFF, v. CAROLINE D. POTTS, DEFENDANT.

*When one not a party to a sealed instrument may show that it was made for him.*

In this action, brought to recover a triangular strip of land, it appeared that the plaintiff had in 1856 contracted, by a sealed instrument, to convey about twenty-five acres of land (including the strip in question), part of a larger tract of fifty acres, to one Nehemiah Shannon, who agreed to pay a mortgage covering the whole fifty acres, as a part of the purchase-money. Thereafter, the mortgage was conveyed to Shannon's wife, who foreclosed it by advertisement, and bought in a part of the fifty acres for the full amount due; the part so purchased being substantially that covered by the contract, except that it was claimed that the description did not include the strip in question. Upon the trial, evidence was received, against the plaintiff's objection and exception,

to show that Nehemiah made the contract as the agent for, and in behalf of his wife, who thereafter entered into possession of the premises with him, and that the amount due upon the contract had been fully paid to the plaintiff.

*Held*, that the evidence was properly admitted.

*Briggs* v. *Partridge* (64 N. Y., 364), distinguished.

That the plaintiff could not recover the land.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict rendered in favor of the defendant.

This is an action of ejectment, brought to recover a small, triangular piece of land, described as being about ten chains, twenty-three links; four chains, fifty links, and fourteen chains severally on the sides. The plaintiff in 1856 made a sealed contract with one Nehemiah Shannon to sell to him a certain piece of land, being about twenty-five and one-fourth acres, part of a larger piece of about fifty acres. And it is not disputed that the triangular piece in controversy is a part of the land described in that contract. By the contract the purchaser was to pay a certain mortgage then on said whole fifty acres. Afterwards that mortgage was assigned to Eliza Shannon, wife of the purchaser, and was by her foreclosed by advertisement. On the sale, part of the fifty acres was bought by her for the full amount of the mortgage; and it was substantially that part contracted as aforesaid to be sold which was thus sold under the foreclosure. The description, however, of the part sold under the foreclosure, it is said, did not include the triangle in question.

In the contract the westerly line is described as running to the centre of the highway, thence easterly to the west end of the barn on said premises, thence north to Eliza Shannon's land, thence east to the place of beginning. In the notice of sale this line is described as running to the highway running from Burdett to Reynoldville and lands of Eliza Shannon, thence east to the place of beginning. Eliza Shannon subsequently conveyed to the defendant by a deed, which included as well the lands described in the notice as the triangle in question.

*J. McGuire*, for the plaintiff.

*M. J. Sunderlin*, for the defendant.

LEARNED, P. J. :

If the question were now before us we might perhaps hold that the description in the notice of sale did, in fact, include the triangle in question. A line which is described as running to the highway and lands of Eliza Shannon might be construed as a brief mode of describing a line which ran to the highway, then to the west end of the barn, then to Eliza Shannon's land. But the case has been tried upon a different theory, and it comes before us only on exceptions. As the plaintiff had contracted to sell all the land, about twenty-five and one-fourth acres, including the disputed triangle, to Nehemiah Shannon ; if the defendant was in possession under Nehemiah Shannon, the plaintiff could not equitably maintain the action, for Shannon went into possession under that contract. The purchase-price was to be forty-five dollars per acre. The number of acres was in dispute on the trial; and it was left for the jury to decide whether the amount of the mortgage and the money paid by Shannon to Carley did or did not pay the purchase-price in full. The jury, by their verdict, have found that the purchase-price was paid in full.

Therefore the plaintiff, as against Shannon, the purchaser under the contract, would have no right to recover any part of the land contracted to be sold.

Nor would this be altered by the fact that this action was originally commenced by Almira Carley, the wife of the plaintiff, and that the plaintiff has been substituted for her. For it appeared that by her will she devised all her land to the plaintiff. And, therefore, although he may not have had the title when he made the contract, yet, as he now claims the legal title, he is bound to carry out his contract with Shannon.

Shannon, who was a witness, testified, without objection, that he was acting in the contract for his wife, Eliza Shannon, when he agreed to buy this land. He was afterwards asked in what capacity he was acting when he signed the contract. This was objected to and admitted, and the plaintiff excepted. He answered that he was acting as agent for his wife, Eliza Shannon ; and the plaintiff insists that this was error.

The object of this evidence was only to connect the present possession of the defendant, under her deed from Eliza Shannon,

with the equitable rights of the purchaser under the contract of sale.

The plaintiff cites the case of *Briggs* v. *Partridge* (64 N. Y., 364). That case held that where an executory contract for the sale of lands under seal was made, a third person, not mentioned therein, could not be made liable by parol proof that the vendee was acting for him. But the court comment on the fact that the vendor was still in possession, and that no ratification of the undisclosed principal had been shown. On the contrary, it is admitted in the present case, that Eliza Shannon and Nehemiah Shannon went into possession of these premises. Thus there was evidence that she ratified the act. Furthermore, in foreclosing the mortgage on the whole fifty acres, and buying, for the amount of the mortgage, that part alone which was contracted for, there was a practical ratification.

The case of *Schaefer* v. *Henkel* (75 N. Y., 378), was of a similar character. An action was brought on a sealed lease, which was signed and sealed, not by the plaintiff, but by one Brown. And it was held that proof of Brown's authority as plaintiff's agent would not entitle plaintiff to recover. Both this and the case previously cited were cases of actions upon the sealed instrument. Here there is no action on the sealed instrument. The defendant does not seek to make the plaintiff liable on an instrument to which he was not a party. But the defendant, who has succeeded to the rights of Eliza Shannon, seeks to show that Eliza Shannon was equitably entitled to the benefit of the contract with Nehemiah. Nehemiah might have assigned the contract to Eliza, and, if it was for her benefit, he ought to have done so. What need of a formal assignment, when the only question was whether the defendant was entitled to the equitable rights of the purchaser?

But it may be said that a similar question arises as to the contract of the plaintiff, as being made as agent for Almira Carley. However that might have been, had Almira continued to be the plaintiff, that question is immaterial, when Jefferson Carley is himself bringing the action. The contract was binding on him, according to the cases just cited. And it is immaterial whether or not he acted for Almira. He is bound by the contract, and as he now claims to have the legal title to the little triangle, and as the purchase-price has all

been paid, he has no right to eject one who is in possession under the person for whose benefit the contract was made.

The motion for a new trial is denied. The defendant should have judgment on the verdict, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Motion for new trial denied, and judgment for defendant on verdict, with costs.