By the Court.—Sedgwick, Ch. J.
The appeal is from a judgment which declares that the plaintiff has a lien upon the defendant’s interest in the premises described in the complaint herein, for the money paid by his assignor on account of the purchase price, with the interest and costs, and which gave a personal judgment against all the defendants, for the amount of the money paid, &c.
The issues involved a construction of a contract for the purchase of land made by the plaintiff’s assignor as vendee, and one William Bellamy, as vendor. The latter affixed his seal to the contract. The finding of the court is “ that at the time of the making of said contract, the said William Bellamy was acting as the agent of his co-defendants herein, and according to the terms of the said contract, bound his co-defendants thereby.” The evidence showed that the co-defendants had title, such as it was, to the land in question, and that William Bellamy had no title to it;
I do not perceive that the contract on its face binds the co-defendants/ or shows that William Bellamy acted as their agent in making the contract. It is made by him solely for himself, excepting a clause that “the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assignees of the respective parties.” *376 This does not, if that would avail anything, refer to principals for whom he was making the contract.
The testimony of William Bellamy that'in making the contract he acted as the authorized agent of his co-defendants, does not affect or change the legal quality of the act he performed in making the contract. The law is, when a contract is signed and sealed by a person .for himself, and not by a principal through an agent authorized to sign and seal, the person signing for himself is liable according to the terms of the contract, and, at least in a contract for the sale and purchaser of land, his so-called principals are not liable (Schaefer v. Henkel, 75 N. Y. 378 ; Briggs v. Partridge, 64 Ib. 357).
Prom this it follows, that there should have been no judgment against the co-defendants, either for the amount paid by plaintiff’s assignor upon the purchase, or declaring that for such an amount there was a lien upon the premises in question which were owned, as has been said,' by the co-defendants. In point of form, there should have been no declaration of a lien upon the interest of William Bellamy in the land, as he had no interest, and yet, for a like reason, he would not be injured by such a declaration.
Then, the issues concern only the nature of the plaintiff’s claim against William Bellamy. It is a fundamental consideration that the plaintiff had the right to enforce the contract according to its terms and limitations, and was not entitled to the specific performance of any other contract than the contract as it was.
Of the $500 paid down upon the delivery of the contract, and by the plaintiff’s assignor to Bellamy, the contract declares, “the $500 paid to be forfeited, unless the party of the second part (that is, the assignor of plaintiff), complies with the terms thereof, provided, however, that the title to said premises be good ; otherwise the said $500 to be returned by the party of the first part (that is, William Bellamy), to the party of the second *377 part, and this contract abandoned without claim of damage for or against either party.”
It appears that before the action, the plaintiff took the position that the title was not good, and in his complaint that the title was not then good, and the court has held, at his instance, that the title was not good.
It is not necessary to doubt that under a contract to sell and buy land, the vendee, although the title be not in fact sound, yet may bring an action to compel the vendor to make it perfect, if that be in his power. Such an action lies, because, by the legal construction of the contract, the vendor has bound himself to make the title good. If, however, the contract does not provide for a corroboration or validation of the imperfect title, then the right of the parties will have regard only to the title in the original state.
The contract in this case provides that if the title be not good, the contract is to be abandoned. As against the vendor, the plaintiff’s assignor might have had the option of taking the title, but he exercised his option the other way by declaring the title defective, and from that time there remained no provision of the contract which would support an action for specific performance. The contract implies that whether or not the abandonment shall take place, is to be determined before action brought; for the vendee was certainly to take his position as to the state of the title before action could be brought, and then, if the title were not good, the contract went out of existence, excepting to give the vendee an action for the part payment he had made. This action was of a legal kind, in which the defendant Bellamy had a right to a jury trial. This right was not waived upon the trial, but was insisted upon. After such a demand, as soon as the court had found that the plaintiff had no action in equity, there should have beep no adjudication as to the legal rights of the plaintiff, but the issues that regarded such legal rights, should have been.sent to a jury for trial (Black v. *378 White, 37 Super, Ct. 320 ; Sternberger v. McGovern, 56 N. Y. 12).
In truth, as the complaint took the ground that 'the title was bad, it appeared from the beginning that the plaintiff could, while he took such ground, claim only as in an action at law, and such an action only was in reality before the court, and the court at special term could not proceed to adjudicate as to the validity or invalidity of the title. It could only, upon objection, refuse any equitable relief, and direct that the issues be sent to a jury for trial. In that trial, there could be, for the first time, an adjudication as to the title. For that reason, it would be improper to decide as to the soundness of the objection, that the mortgage under which the title was made had never been completely assigned by the trustees who held it.
The judgment appealed from should be reversed, and a new trial ordered, with the costs of the appeal to abide the event, so far as William Bellamy is concerned.
As to the co-defendants, as the plaintiff appears to have no claim whatever against them in a mode of trial insisted upon by him, I think the judgment should be reversed, and the complaint dismissed, with costs.
Van Vorst and Freedman, JJ., concurred.