WILLIAMS, J.
It must be conceded that the lease was not •made, in form, by the plaintiffs, either as executors or as trustees. Appropriate words were not used in the body of the lease, and the signatures were not in proper form, to make the lease one by the plaintiffs as executors or trustees. The property did not belong ■to the plaintiffs personally or as individuals, but as executors and trustees, and they very likely intended to make the lease in their capacity as executors and trustees, but it was not properly done. It was, in form, legally, a lease by them as individuals. The word “ trustees,” etc., in the body of the lease, and following the ■-signatures of the two who signed, were merely words describing ■‘the persons. It is claimed , moreover, that if the lease had been mode in proper form, it would have been void, only two of the ■three trustees or executors having signed it. Even if the lease was improper in form, and void because not signed by all the exe-cutors or trustees, still, under the facts alleged and proved in the case, the plaintiffs were entitled to recover.
There is n'o pretense that the plaintiffs, as individuals, had any right to lease this property, or that the defendant supposed they had. All the parties knew that the plaintiffs’ power and authority with reference to the property was derived from the will, and was :as executors and trustees only. They attempted to make the lease as such executors or trustees, but it was not properly prepared for them, and was not signed by all of them. It was, however, alleged and proved that, under this lease, the defendant took possession of the property January 1, 1890, and occupied it until April 1, 1895, and still remained in such occupancy at the time the action was commenced. He paid the rent provided for by the lease for five full years, and then sought to evade a recovery for the rent for the first quarter of the sixth year. Even though void as a lease for ten years, still, by the entry under the lease, and occupancy ■and payment of rent under it, a tenancy was created for one year, and then from year to year thereafter, and the lease, as an agreement, regulated the terms upon which the tenancy subsisted in all respects except as to the duration of the term. The defendant had a right to terminate the lease at the end of any year; but, if he remained in possession after the close of one year, he could not terminate the- tenancy until the close of the following year. Laughran v. Smith, 75 N. Y. 205; Porter v. Bleiler, 17 Barb. 149; Coudert v. Cohn, 118 N. Y. 309; 28 St. Rep. 684.
We think this case is clearly distinguishable from the case of Schaefer v. Henkel, 75 N. Y. 378. In that case a lease was made By a person who was in fact the agent of the owners of the prop *856 erty, he describing himself in the lease as agent, and adding thcr word_“ agent ” to his signature. The lease was under seal, the principals’ names did not appear in it, and there was nothing m> the lease to- show that they had anything to do with, or any interest in, the demised premises, or the execution of the lease, or thati it was executed in their behalf. It was not stated in whose behalf; the agent acted. It was not made to appear, upon the trial that: the defendant had any knowledge or intimation whatever, at the time of the execution of the lease, that the agent was acting in 'behalf of the owner, or for their benefit. For whom the agent acted was not made known to the defendant, and it only appeared by parol proof upon the trial. The plaintiffs, without any assignment of the agent’s interest under the lease, brought this action to recover the rent unpaid, upon the ground that the .lessor acted, merely as their agent, and that they were the actual parties-in interest. The question to be determined was whether the actual owners of the lease, which was in the nature of a deed inter partes,, which was not, and did not on its face show that it was, executed by them, but which did show an execution by a third person, claiming to act as agent, without disclosing the names of his' principals, and which contained covenants between the parties actually signing and sealing the same, can maintain an action upon it for the rent reserved therein, even although the person who executed' the same, describing himself ás “ agent and party of the first part,” had oral authority to enter into the contract, and act as the owner’s agent in the transaction The court held that the action would not lie, saying, among other things:
“It is urged that it is not essential to the plaintiffs’ right to recover that they should claim under the lease; but, as the contract is one not required to be under seal, or even in writing, there is no ground for claiming that the principal can be deprived of his remedy. It is a complete answer to this position to say that no-such question was presented upon the trial, and the plaintiffs do-claim under the lease. The complaint sets it up, and the evidence establishes its execution. Had the plaintiffs sued for use and occupation, claiming that the agent had acted without authority in making the lease in his own name, and that it really was made fertile plaintiffs’ benefit, a different case would arise. But such is-not the fact. The claim of the plaintiffs to recover rent rests-upon the lease only. Nor can it be claimed, upon any valid ground, that the question now presented is whether the lease is a bar, for the apparent reason that the plaintiffs have made-the lease the foundation of their right to recover, and claim under it, and under no other or different agreement. Upon the trial the plaintiff proved, by the agent, that he was authorized orally to-demise the premises in the complaint mentioned, and that he diJ so by the instrument in question. It was also proved that the defendant ' entered upon the premises and occupied the same; ancE that the amount claimed was due thereon. At this stage of thet case, the defendant’s counsel claimed that the lease was not the act and deed of the plaintiffs, and that they had no cause of action arising out of the same' against the defendant; no proof being, *857 offered, and it not being claimed that the premises were let otherwise than under the lease. The plaintiffs made no application to-amend the pleadings, nor any claim that a recovery could be had except upon the lease. As no question was made upon the trial as to the authority of the agent to make the lease in the form it was executed, it cannot be urged, upon this appeal, that the question arises whether the agent could cut off plaintiffs’ rights or remedy. In the absence of direct proof that the agent exceeded his authority, and without the presentation of such a question upon the trial, it is difficult to see upon what basis any such claim rests. Even if, in a suit brought for that purpose, where the complaint set forth all the facts, the acts of the agent,when he exceeds-his powers, may be disregarded, there is no principle which upholds the doctrine, and no authority for holding that, when the action is brought upon the instrument itself, which is now alleged to have been unauthorized and no proof given of any want of authority or point made upon the trial the subject, the plaintiff can recover. But it is sufficient to say that the plaintiffs did not seek relief upon any such ground, either in the complaint or upon the-trial. If they had applied to amend the complaint, it would have rested with the court to determine whether the amendment proposed was proper, and upon what grounds or terms, if any, such an application should be granted, Some authorities are cited for the purpose of upholding the position that the deed may be resorted to as evidence of the terms of the agreement, although it-cannot be enforced as a specialty. Conceding that this may be done, when the action is brought setting forth the want of authority, we think that such is not the case where the complaint in the-action is founded entirely upon the instrument, and the plaintiffs, upon the trial, claimed to recover by virtue thereof. * * * Haight v. Sahler, 30 Barb. 218, holds that a corporation is liable upon its contract, although the agents have affixed their owned seals, when the instrument on its face purports to have been executed by the corporation, and their acts were ratified by the corporation, and it is apparent that there was no intention to bind the-the agents. This was decided upon the authority of Randall v. Van Vechten, 19 Johns. 60. * * * The point is made that the plaintiffs have ratified the contract, and the defendant has been in possession, and has paid the plaintiff §150 on account of the rent. There is no evidence of any possession otherwise than that under the lease which was executed by the agent, and the presumption is that it was in pursuant thereof, and not under the plaintiffs. The complaint alleges that no part has been paid, except the sum of $150, and the proof shows that a balance was duej ¡deducting this. It may, therefore, have been paid to the agent, ¡and not to plaintiffs; and no presumption arises that it was to the ¡plaintiffs.”
These statements and quotation from the opinion in the case ispeak for themselves, and distinguish that case from this. In this«ase all the facts were known to the defendant (the lessor) whenithe lease was made, and were set out in the complaint, and proven. *858 ■on the trial. The defendant knew that the property was held by the plaintiffs, not personally, nor as individuals, but as executorsl .•and trustees under the will; that the building was build upon the property, under the terms of the lease, by the plaintiffs, as such-■executors and trustees; and that the lease was intended to be made' by them in their representative capacity, and'not as individuals. The rents were paid to the plaintiffs as executors aad trustees. All the parties seemed to have regarded the lease as properly executed by the plaintiffs as such executors and trustees, and the defendant dealt with the plaintiffs in their representative capacity for five years, and only when he was.sued by the plaintiffs in their representative capacity for the first quarter of the sixth year’s rent .and the defendant wanted to make some defense to the action, did he first discover what he thought was a technical defense to the action in the form of the lease, and its invalidity as a lease by the plaintiffs in their representative capacity. We think the case referred to is not an authority to defeat the right of recovery by ■the plaintiffs, as executors and trustees, 'of the rents sued for in ■this action, under the facts alleged and proved in this case.
No question of variance arises. All the facts were alleged, and 'the lease was set out, and the facts alleged were proved. Upon the pleadings and proofs, the verdict was properly ordered. Thomas v. Melson, 69 N. Y. 118.
The judgment should be affirmed, with costs. '
All conour.