(29 Misc. Rep. 136.)

### McCOLGAN v. KATZ.

(Supreme Court, Appellate Term.  October 4, 1899.)

LEASES—EXECUTION BY AGENT—LANDLORD'S RIGHT TO SUE.

Where an agent executed a sealed lease of premises belonging to an estate in his own name as lessor, and it did not appear from the lease who was the principal, the executrix of the estate cannot sue thereon, though the agent appended the word "Agent" to his signature, since such words are descriptio personæ.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Elizabeth McColgan against Hyman Katz.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

A. H. Sarasohn, for appellant.

Sayers, Gillespie & O'Connor, for respondent.

LEVENTRITT, J.  The plaintiff had recovery below for one month's rent, under a written indenture of lease.  It appears that the plaintiff was executrix under the will of her husband, John McColgan, and that she conducted her real-estate transactions under the style of "Estate of John McColgan."  She had executed a power of attorney to one William P. O'Connor, authorizing him, among other things, "to make, sign, and execute any agreement, contract, or writing for the hiring, renting, leasing, or selling of any part or portion of the personal or real property belonging to me individually or as such executrix."  O'Connor, under this power of attorney, made a lease for two years with the defendant, begin-

ning November 1, 1898. The lease reads as being made between "William P. O'Connor, as agent for Est. John McColgan, as landlord, and Hyman Katz, as tenant," and is signed, "William P. O'Connor, Agent." The defendant abandoned the premises in February, 1899, and this action was brought to recover, under the lease, the rent due for that month.

The action will not lie. The instrument on which suit is brought is not that of the plaintiff, but of William P. O'Connor. It bears his signature and his seal. The name of the plaintiff nowhere appears. O'Connor is named as lessor, and as such signed and sealed the lease. The covenants in the lease are his, and he, and not the plaintiff, is bound by them. "The rule seems to be quite well established that in general an action upon a sealed instrument of this description must be brought by and in the name of a person who is a party to such instrument, and that a third person or a stranger to the instrument cannot maintain an action upon the same. * * * Where it distinctly appears from the instrument executed that the seal affixed is the seal of the person subscribing, who designates himself as agent, and not the seal of the principal, * * * the former only is the real party who can maintain an action on the same." Schaefer v. Henkel, 75 N. Y. 378, 381. In the case just cited the agent, acting under oral authority from the plaintiffs to lease their premises, executed in his name, adding the word "Agent," a lease under seal, in which he described himself as "agent and party of the first part." It was held that the principal could not maintain the suit. In the case at bar O'Connor executed the lease similarly, but described himself as "agent for Est. of John McColgan." But it does not appear by the instrument who was the real party in interest,—that the plaintiff was the executrix of the estate, or that O'Connor acted in her behalf. It was not made to appear on the trial that the defendant had any knowledge or intimation at the time of the execution of the lease that the agent was acting in behalf of the plaintiff, or for her benefit. The use of the word "Agent" is merely descriptive of the person, and did not make the instrument that of the principal. To accomplish that end, it required execution in the name of the principal, not in the name of the agent or attorney. Stone v. Wood, 7 Cow. 453; Kiersted v. Railroad Co., 69 N. Y. 345. In the Kiersted Case a lease under seal was executed by an agent, as lessee, in his individual name. He was described as "general agent for the Virginia and Tennessee Route." It was held that his principals could not recover; the court, by Andrews, J., writing, "The form of the lease made him the lessee, and the covenants in a deed can only be enforced against the party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as agent for another." Page 345. We are not unmindful of the decision of Kernochan v. Wilkens, 3 App. Div. 596, 38 N. Y. Supp. 236; but we consider that case one of the exceptions to the principle of the Schaefer and Kiersted Cases, and clearly distinguishable from the case at bar, in that the facts there relied on to distinguish it from the Schaefer Case do not obtain in the present one. In the Kernochan Case it was made

known to the defendant for whom the plaintiffs acted, and all the parties regarded the lease as properly executed by the plaintiffs, who had for a long period of years been paid rents in their representative capacity. We think the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. MacLEAN, J., taking no part.