(47 App. Div. 28.)

## SAUNIER v. BARNUM.

### In re KING.

(Supreme Court, Appellate Division. First Department. January 19, 1900.)

PARTNERSHIP—DISSOLUTION—SEALED LEASE—RENT—LIABILITY.

Where a sealed lease was executed to one member of a firm without the other member's knowledge, and the latter believed that the lease was owned by his partner's father, and that the rent was paid to him, such partner not being a party to the lease, neither his interest in the firm nor the firm's assets are liable to the lessor for unpaid rent accruing thereunder after proceedings for the dissolution of the firm, though the receiver of the partnership occupied the premises and sold the lease under order of court.

Appeal from special term, New York county.

Action by Ernestine Saunier against Edward A. Barnum for dissolution of the partnership of Barnum & Saunier. A receiver was appointed, and from an order overruling exceptions to a referee's report confirming the receiver's accounts and allowing a claim of Mary A. King for rent under a sealed lease, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

R. J. Mahon, for appellant.

R. L. Sweezy, for respondent.

VAN BRUNT, P. J. This action was brought for the dissolution of a co-partnership between the plaintiff and the defendant upon the ground that the defendant had been guilty of fraud in inducing the plaintiff to enter into the same. A receiver was appointed pendente lite to take possession of the assets of the co-partnership, and convert the same into money. The action resulted in a judgment in favor of plaintiff setting aside the co-partnership, adjudging that plaintiff was entitled to a lien upon the assets of the firm for the amount of the capital contributed by her, after payment of the debts contracted by the firm, and appointing a referee to take and state the accounts of the receiver and to pass upon any disputed claims against the partnership. Mary A. King, the respondent, presented a claim for $500 for rent of premises No. 431 Fifth avenue, in the borough of Manhattan, in the city of New York, occupied by the co-partnership during its existence for the months of October, November, and December, 1898. This claim was contested by the plaintiff, and was allowed by the referee as a debt of the co-partnership. The plaintiff filed exceptions to the referee's report, excepting to the allowance of said claim, and also excepting to the charging of the expenses of the reference against the funds in the receiver's hands. These exceptions were overruled, and the report was confirmed, and from the order thereupon entered this appeal is taken.

In considering the questions raised upon this appeal it will be necessary to state the dates at which the several occurrences took place. The partnership between the plaintiff and the defendant was

entered into upon the 11th of January, 1898. At this time the defendant, Edward A. Barnum, was in occupation of the premises in question by virtue of a lease thereof made to him by said Mary A. King, and expiring on the 1st of May, 1898. By the articles of co-partnership the defendant, Edward A. Barnum, among other things, contributed to the common stock of the co-partnership the said lease, and the said firm thereupon entered into the use and occupation of the premises. In March, 1898, the said lease was continued or renewed for a term of three years from May 1, 1898, by a lease in writing under seal, in the name of Mary A. King as landlord and Edward A. Barnum as tenant. Barnum negotiated the renewal of said lease, and took the same in his own name, without the knowledge of his co-partner, the plaintiff. The said firm continued in the use and occupation of said premises until the appointment of the receiver herein, and paid the rent down to and including the month of September, 1898. The action to dissolve the co-partnership was commenced on the 16th of September, 1898. The receiver was appointed on the 23d of September, 1898, and he entered into possession of the premises and of the stock of goods situated therein on or about the 24th of September, 1898. The receiver remained in actual occupation of the premises until the 4th of October, 1898, upon which day he sold at auction the stock of goods of the firm, and then vacated the premises. At this sale the receiver also offered the lease for sale, but, no bids being made for the same, it was withdrawn. On the 8th of December, 1898, the supreme court at special term made an order authorizing the receiver to sell all his right, title, and interest in the lease in question; and, pursuant to said order, on December 24, 1898, the receiver sold the same to one McBurney, and executed an assignment thereof to him. McBurney thereupon, by an instrument in writing, assigned the lease to Mary A. King, the respondent. There was evidence upon the part of the plaintiff that she never signed the lease in question, and that she supposed that the lease was in the name of Joseph I. Barnum, her co-partner's father, and for that reason all the checks for the rent of the premises were drawn to his order. It appears further that Joseph I. Barnum deposited these checks in his own bank, and gave his own check for the payment of the rent; the explanation of this upon his part being that he was surety upon the lease, and he took this means of seeing that the rent was actually paid. The evidence further shows that when said Joseph I. Barnum was questioned as to the fact of the lease of the premises being in his name as lessee he stated that such was the case; and when asked to assign the lease he refused, stating that he intended to keep the lease for his son's protection. After ascertaining the true state of the case, upon the firm getting into difficulties, the plaintiff, on the 1st of October, 1898, gave formal notice that she disclaimed any connection with or right to said lease, either individually or as co-partner. It seems to us that under these circumstances there was no right upon the part of Mary A. King to recover the rent of the premises from the plaintiff. It is a familiar principle of law that no person not a party to an instrument under seal can sue or be held liable thereon merely

because it is claimed that he is a party beneficially interested. The case of Schaefer v. Henkel, 75 N. Y. 378, is a sufficient authority for this proposition. Other cases may be cited, but it is too familiar a rule to need the multiplication of authorities. It is certainly a singular state of things that the landlord in this lease under seal can make a claim against a person not a party to the instrument because the latter has been defrauded in the procuring of that paper. It seems to be elementary law that the party defrauded is the only person who can repudiate or claim because of the existence of the fraud. No one can impose a liability upon the person defrauded by repudiating the fraud and insisting upon rights which that person might enforce because of the fraud, if he or she felt inclined. The respondent here proposes to fasten an obligation upon the appellant because of the fraud of the latter's partner upon her, which, in view of the situation of the case, she is not in any degree anxious to take advantage of.

The order should be reversed, with $10 costs and disbursements, the plaintiff's exceptions sustained, and the report in other respects confirmed. All concur.