St. John agt. Skinner.

# N. Y. SUPERIOR COURT.

GEORGE S. ST. JOHN, *plaintiff and respondent*, agt. SALOMON
SKINNER, *defendant and appellant.*

In an action on contract, and a general denial, at the close of the testimony on both
sides, at the trial, the case presents a clear conflict as to the real agreement be-
tween the parties, and the defendant concedes such fact by omitting to move for
the direction of a verdict, and by going to the jury without objection, he is too
late, after verdict rendered against him, to argue that the case presented no evi-
dence to be submitted to the jury, or, at least, presented such a preponderance of
evidence in his favor as to make it the duty of the court to direct the jury how to
find.

Where exceptions taken to the admission of testimony on the trial and to the judge's
charge, are irrelevant, under the issues, and outside of the issues they could only
become material by their tendency to establish, in connection with other facts to
be introduced, the existence of a special agreement in avoidance or as a defense
to the claim testified to by the plaintiff, it constitutes new matter, and not being
specially pleaded, is properly excluded.

*General Term, October,* 1872.

*Before* FREEDMAN *and* CURTIS, *JJ.*

THE action was brought to recover the sum of $3,000,
loaned by plaintiff to defendant.

The answer contained a general denial. At the trial both
parties introduced evidence.

The jury found for the plaintiff.

The defendant moved upon the judge's minutes for a new
trial upon the ground that the verdict was against evidence.

The motion was denied.

Judgment was entered upon the verdict, and defendant
appealed from the judgment and order denying motion for
new trial.

A. H. REAVY, *counsel for appellant.*

St. John agt. Skinner.

W. H. VAN COTT, *counsel for respondent.*

*By the court,* FREEDMAN, *J.*—The motion for a nonsuit was properly denied, because plaintiff, as the evidence then stood, had made out a *prima facie* case. At that stage of the trial, the plaintiff was entitled to claim that all presumptions and inferences, which he had a right to ask the jury to deduce from his testimony, should be conceded to him. Consequently, it would have been error to dismiss the complaint.

At the close of the testimony on both sides, the case presented a clear conflict as to the real agreement between the parties, and the defendant conceded such fact by omitting to move for the direction of a verdict, and by going to the jury without objection. Having voluntarily taken his chance of a favorable verdict at their hands, which would have concluded the plaintiff upon the facts, the defendant, after the rendition of a verdict against him, was too late to argue that the case presented no evidence to be submitted to the jury, or, at least, presented such a preponderance of evidence in his favor, as to make it the duty of the court to direct the jury how to find. This rule we distinctly laid down in the recent case of *Rowe* agt. *Stevens* (12 *Abb. N. S.*, 389), and upon the authority of that case the order appealed from must be affirmed.

The exceptions taken to the charge of the court are clearly untenable, and those taken to the disallowance of certain questions propounded to the plaintiff on his cross-examination are found, on examination, not to be sustainable. The answer contained only a general denial. Under the issues thus joined these questions were irrelevant. Outside of the issues, they could only become material by their tendency to establish, in connection with other facts to be introduced, the existence of a special agreement in avoidance of, or as a defense to the loan testified to by the plaintiff.

This constituted new matter which under sections 149 and 150 of the code should have been especially set up. Not being

St. John agt. Skinner.

thus pleaded, the questions referred to were properly excluded (*McKyring* agt. *Bull*, 16 *N. Y.*, 297 ; *Richtmeyer* agt. *Remsen*, 38 *N. Y.*, 206 ; *Meyer* agt. *Fugel*, 7 *Robt.*, 122).

Upon being apprised of this rule, the defendant might have moved for leave to amend his answer upon the spot, or for permission to apply at special term for that purpose, and if such motion had been made, the court could have relieved him against the consequences of his omission on proper terms.

But defendant did not see fit to make such motion. There being no error in the rulings of the court below, the judgment must be affirmed.

The judgment and order appealed from are severally affirmed with costs.

CURTIS, *J.*, concurred.