CHARLES F. HENRIOUS et al., Appellants, *v.* CHARLES ENGLERT, Respondent.

No person can sue or be sued to enforce covenants contained in an instrument under seal, except those who are named as parties therein, and who signed and sealed the same.

This rule is not affected by the fact that the word "agent" is added to the name of one of the parties as it appears in the instrument.

Plaintiffs having entered into a contract with the village of B. to erect a building according to certain plans and specifications, sublet the carpenter work to V., who gave as security for the performance by him of that part of the work, a bond executed by defendant under seal conditioned that V. would perform his contract, and do the work in accordance with the plans and specifications. Upon completion of the building the village claimed damages on account of alleged defects in the work, and upon settlement between it, V. and the plaintiff these damages were adjusted at $550, which was deducted from the contract price. In an action upon the bond, it appeared that some changes and alterations were made in the plans, but they were made by arrangement between the architect, V., and the village, without the direction, consent, or procurement of plaintiffs. *Held,* that these changes did not release defendant from, or affect his liability upon the bond.

When V. finished his work, liens had been filed against the building by persons who had furnished to him work and materials. Plaintiff paid the full amount called for by his contract with V. in discharge of these liens. *Held*, that in the absence of any claim to the contrary on the trial it was to be assumed that these payments were compulsory; and so, that notwithstanding such payments, plaintiffs had a right of action against V. for breach of contract, and against defendant upon his bond.

(Submitted March 10, 1893 ; decided March 21, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This was an action upon a bond executed by defendant as surety for one Leonard Vogel.

In September, 1884, these plaintiffs, signing themselves as agents, entered into a contract with the village of Brockport to erect a village building, according to plans and specifications drawn and prepared by H. D. Gleason, architect, for the sum of $9,700. Thereafter, they sub-let the carpenter work upon the building to Leonard Vogel, for the sum of $4,400. They required Vogel to give security for the performance of his contract with them, and thereupon he furnished to them a bond executed by the defendant under his seal, in the penal sum of $5,000, conditioned that Vogel " shall perform all the obligations, covenants and agreements made and entered into with the said Henricus & Son, agents, and shall erect, work, make and complete a certain town hall and fire department building for the village of Brockport, New York, agreeable to the plans, and in perfect keeping with the revised carpenter specifications prepared for the same by H. B. Gleason, architect." After the completion of the building, the village claimed that it had not been erected according to plaintiff's contract with it, and claimed damages for, and on account of defects in the work and materials. Upon negotiations and settlement between Vogel, the plaintiffs and the village, those damages were adjusted at the sum of $550, which amount was

deducted from the contract price payable to the plaintiffs. Thereafter, the plaintiffs commenced this action against the defendant, upon his bond, alleging a breach thereof, and claiming to recover as damages, the sum of $5,000, the full penalty of the bond. The defendant answered the complaint, and, besides denying most of the material allegations thereof, set up two affirmative defenses, (1) that at the time of the execution of the bond, an arrangement was made and entered into between the village, Vogel and the plaintiffs, whereby Vogel was substituted in the place and stead of the plaintiffs, as principal contractor, with regard to so much of the work upon the building as Vogel had contracted with the plaintiffs to do, and that under and in pursuance of that arrangement, Vogel was accepted as such contractor, with regard to such portion of the work; and thereupon the bond of the defendant was delivered over and assigned to the village as security for the performance of the work by Vogel; (2) that on or about the 25th day of March, 1885, all matters in difference between the plaintiffs and Vogel, and between Vogel and the village, and all matters growing out of any of the transactions set forth in the complaint were duly settled, liquidated, adjusted and discharged, and the defendant was thereupon released and discharged from any liability or supposed liability alleged to have existed against him by reason of the matters set forth in the complaint. The action was referred to a referee and brought to trial, and upon evidence submitted to him he found the making of the contracts, the execution and delivery of the bond, the erection of the building, the claim made by the village for damages for breach of the contract with it, which damages were adjusted by the plaintiffs, Vogel and the village at the sum of five hundred and fifty dollars, and deducted from the sum payable to the plaintiffs under their contract with the village. He also found that after the execution of the bond there were some changes and alterations in the plans of the building by Vogel, the architect, and the village, and he decided that on account of such changes and alterations the defendant was discharged from any lia-

bility upon his bond, and upon that ground dismissed the complaint. The plaintiffs appealed to the General Term, and, as appears from the opinions there pronounced, it differed from the referee and held that the alleged changes and alterations in the manner of constructing the building were not such as to discharge the defendant from his obligation under his bond; but it held that he was discharged because of the finding by the referee that the plaintiffs had fully paid Vogel the contract price due him, and upon that ground it affirmed the judgment.

*E. F. Fink* for appellants. On the facts found by the referee the judgment should have been for plaintiffs for $550. (*C. R. R. Co.* v. *Gow,* 59 Ga. 686; 2 Story on Cont. § 1127; *Post* v. *Losee,* 111 Ind. 74; *Ray* v. *Brenner,* 12 Kan. 105; *Dean* v. *Chapman,* 62 Ala. 58; *Clark* v. *Birley,* L. R. [41 Ch. Div.] 422.) The alleged acts of the architect and trustees in directing the work changed from specifications, were the acts of strangers to the contract between plaintiffs and Vogel, and not the acts of plaintiffs, and, therefore, did not constitute a change of contract, nor a deviation by authority of the creditor. (*Ferguson* v. *Hubbel,* 97 N. Y. 510; *Butler* v. *Townsend,* 126 id. 109; *Creed* v. *Hartmann,* 29 id. 593; *Blake* v. *Ferris,* 5 id. 61; *Dirringer* v. *Moynihan,* 32 N. Y. S. R. 693; *King* v. *R. R. Co.,* 66 N. Y. 184; *Slater* v. *Messereau,* 64 id. 145.) That the settlement between the village and plaintiffs was without the knowledge or consent of defendant does not affect his liability. (*Kidd* v. *McCormick,* 83 N. Y. 397.) The act of plaintiffs in bricking up the wall, and thus leaving out the attic window was not a discharge *in toto* but only *pro tanto.* (*Preston* v. *Huntington,* 67 Mich. 142; *Lowman* v. *Yates,* 37 N. Y. 600; *Gaussen* v. *U. S.,* 97 U. S. 584; *Holland* v. *Johnson,* 51 Ind. 349; *Sample* v. *Cochrane,* 82 id. 262.) The defendant was not discharged simply because the trustees or even plaintiffs knew of the changes and made no objection. (*C. R. R. Co.* v. *Gow,* 59 Ga. 696.) The action is properly brought

by plaintiffs. (*Schafer* v. *Hinkel,* 75 N. Y. 378; *Briggs* v. *Partridge,* 64 id. 357; *Woodhouse* v. *Duncan,* 106 id. 531; *Tuthill* v. *Wilson,* 40 id. 427; *Hensler* v. *Sefrin,* 19 Hun, 567; *Tiffany* v. *Lord,* 65 N. Y. 312.) The assignment of the bond to the village recites "to be held as additional security for the faithful performance of the said original agreement" and was not an absolute transfer of the bond but a pledge for the performance of the agreement. (*White* v. *Platt,* 5 Den. 271; *Stearns* v. *Marsh,* 4 id 227, 229; *Bailey* v. *Drew,* 2 N. Y. Supp. 212; *Markham* v. *Jandon,* 41 N. Y. 240, 241; Edwards on Bailments, §§ 176, 246; *Nabbing* v. *Bank,* 58 Ala. 204.) No formal reassignment from the village to plaintiffs was necessary. (*Lawrence* v. *Maxwell,* 53 N. Y. 23; *Runyan* v. *Messereau,* 11 Johns. 534; *Prescott* v. *Hull,* 17 Wkly. Dig. 415; *Risley* v. *P. Bank,* 83 N. Y. 318.) The deviations were unauthorized even by the trustees. (*Zimmerman* v. *Jourgensen,* 14 N. Y. Supp. 549.) Defendant's contention is grossly inequitable. (*Irwin* v. *Opp,* 104 Ind. 113.) As on the facts found, judgment should have been for plaintiff for $550 the proper judgment should be given by the appellate court without a new trial. (*Outwater* v. *Moore,* 124 N. Y. 66; *Price* v. *Price,* 33 Hun, 81, 432; *Andrew* v. *N. J. S. Co.,* 11 id. 495.)

*Wm E. Warner* for respondent. The defendant's attorney on cross-examination asked James Brazil, a witness for the plaintiffs, the following question: "Do you know that a portion of the brick work was taken down after the building was completed and repaired?" The question was properly overruled by the learned referee. (*Cross* v. *Beards,* 26 N. Y. 85; Code Civ. Pro. §§ 3246, 3247; *Briggs* v. *Partridge,* 64 N. Y. 357.) A surety is never liable beyond the specific agreement, and is directly within the issue to show a variation from the contract. (*Grant* v. *Smith,* 46 N. Y. 92; *Barnes* v. *Barrow,* 61 id. 39; *N. M. B. Assn.* v. *Conklyn,* 90 id. 116; *Paine* v. *Jones,* 76 id. 274; *Milier* v. *Stewart,* 9 Wheat. 680.) Plaintiffs sought to prove by Vogel on cross-

examination that he testified in another action that the doors, sash and material furnished for this building by one Blakeney were not according to the plans and specifications. The evidence called for was, if true, nothing more or less than a declaration by a third party, and was incompetent and immaterial. (1 Greenl. on Ev. § 449; *Marsh* v. *Falker*, 40 N. Y. 570; *Julliard* v. *Chaffee*, 92 id. 529–534; *L. M. Co.* v. *S. G. Ins. Co.*, 88 id. 591–599; *Lipsky* v. *Peth*, 32 N. Y. S. R. 742.) The action not being between parties to the instrument, but between one of them and a third person, the referee had a right to admit testimony concerning the whole transaction. (*Julliard* v. *Chaffee*, 92 N. Y. 529–534; *L. M. Co.* v. *S. G. Ins. Co.*, 88 id. 591–599; *Lipsky* v. *Peth*, 32 N. Y. S. R. 742.) The witness Herbst was asked whom he represented at the settlement of the controversy at Brockport. Plaintiffs excepted to the admission of this testimony. We contend that this was competent and very material to the defendant. (*Julliard* v. *Chaffee*, 92 N. Y. 529–534; *L. M. Co.* v. *S. G. Ins. Co.*, 88 id. 581–599; *Lipsky* v. *Peth*, 32 N. Y. S. R. 742.) The referee's refusal to find as a conclusion of law that there has been no valid release of defendant from said bond, as requested in plaintiff's first request to find as law, is right. (*Grant* v. *Smith*, 46 N. Y. 93; *Barnes* v. *Barrow*, 61 id. 39; *N. M. B. Assn.* v. *Conklyn*, 90 id. 116; *Payne* v. *Jones*, 76 id. 274; *Gahn* v. *Niemcewicz*, 2 Wend. 312; *Miller* v. *Stewart*, 9 Wheat. 680; *Ward* v. *Stahl*, 81 N. Y. 406; *Dobbin* v. *Bradley*, 17 Wend. 422.) The plaintiffs except to the referee's second conclusion of law, which finds that by reason of the alterations in the contract with Vogel the defendant is released from liability on the bond; this conclusion of law is correct. (*Grant* v. *Smith*, 46 N. Y. 93; *Barnes* v. *Barrow*, 61 id. 39; *N. M. B. Assn* v. *Conklyn*, 90 id. 116; *Payne* v. *Jones*, 76 id. 274; *Gahn* v. *Niemcewicz*, 2 Wend. 312; *Miller* v. *Stewart*, 9 Wheat. 680; *Ward* v. *Stahl*, 81 N. Y. 406; *Dobbins* v. *Bradley*, 17 Wend. 422.)

EARL, J. The plaintiffs attached to their names in their contract with the village the word "agents," and it appeared upon the trial that in the making of the contract and the erection of the building they were actually the agents of their wives, although the contract did not purport to bind and did not describe or name the wives as principals. In form it bound the plaintiffs only. They were obligees in the bond under the name of "M. Henricus & Son, agents," no other person being described or named in any way as obligee. One of the defenses insisted upon by the defendant was that the plaintiffs were not the real parties in interest, and could not maintain this action in their names. The bond was their bond, although the word "agents" followed their names therein. The defendant did not bind himself or become under obligation to any other person, and the plaintiffs are the only persons who can maintain an action upon the bond, a sealed instrument; and so it has frequently been held. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Kiersted* v. *R. R. Co.*, 69 id. 343; *Schaefer* v. *Henkel*, 75 id. 378.) If this instrument had not been under seal a different rule would have applied, and the real parties in interest, the wives of these plaintiffs, for whom they were acting as agents, could have maintained an action thereon. But where an instrument is under seal, no person can sue or be sued to enforce the covenants, therein contained, except those who are named as parties to the instrument and who signed and sealed the same.

It is quite true that there were some changes in the plans and specifications for the erection of this building after the execution of the bond; but those changes, whatever their character, were made without the direction, consent or procurement of the plaintiffs, and it does not appear that they had anything whatever to do with the making of them. They were not even bound to protest against or object to them. They were made by Vogel and the architect who was employed by the village to superintend the erection of the building, and some of them may have been assented to by the trustees of the village. Changes thus made in the contract of the princi-

pal cannot effect the obligations of the defendant to these plaintiffs. If the plaintiffs had in any way been a party to those changes and alterations of the contract, the defendant would have been in a position to claim (whether successfully or unsuccessfully we do not determine) that he was discharged from the obligation of his bond as surety for Vogel. But it is impossible to perceive how any action of Vogel, or of Vogel and the architect, could deprive the plaintiffs of their right to enforce the obligations of the bond against the defendant. If any authority is needed for a conclusion so obvious, the following are ample for that purpose : (*Charlotte R. R. Co.* v. *Gow*, 59 Ga. 686 ; *Richardson* v. *Allen*, 74 id. 720 ; *Hagood* v. *Blythe*, 37 Fed. Rep. 249 ; *Post* v. *Losey*, 111 Ind. 74; *Clarke* v. *Birley*, L. R. [41 Ch. Div.] 422 ; *Frazer* v. *Jordan*, 8 El. & B. 311.) We may also notice that the defense that the defendant as surety was discharged by changes in the contract was not set up in the answer.

The General Term held that the defendant was discharged because the referee had found upon the request of the plaintiffs that Vogel had received from them full payment of the contract price for the carpenter work. If the plaintiffs, knowing of the breach of his contract by Vogel, had voluntarily settled with him and paid him the contract price for his work, and had thus discharged him, they would not now have a right of action upon this bond. Their remedy against this defendant can be no greater or broader than that which they have against Vogel, and if they could not have sued Vogel at the time this action was commenced for a breach of his contract, they could not maintain an action against the defendant upon his bond. But this particular defense was not set up in the answer, and the facts in reference thereto were not very fully brought out. It does appear, however, that when Vogel had finished his work under his contract, liens had been filed against the building by persons who had furnished materials and work to him, and the plaintiffs took the money which was paid to them by the village, and instead of paying to Vogel what was due him under his contract, they paid it in discharge

of the liens filed against the building, and in this way were obliged to pay more than was due him under his contract. It was in this way, and in this way only, that they made full payment of the contract price to him. While there was no finding or proof that they were obliged to pay these liens as a condition of payment by the village to them, yet we think it is fairly inferable from the circumstances, as no objection was made to the proof and no claim made upon the trial that those payments were not made upon the obligations of the plaintiffs to the village, and thus made, as between the plaintiffs and Vogel, under a species of compulsion. Notwithstanding such payments, we think that the plaintiffs' right of action against Vogel for his breach of contract remained to them, and that thus they have a right of action upon the defendant's bond, notwithstanding such payments. Upon the new trial, which we are constrained to order, the facts with reference to those payments may be more fully brought out. We think this defense should not prevail now upon such facts as appear in this record.

It is not entirely clear that the $550 damages allowed to the village upon the settlement between it and the plaintiffs and Vogel were allowed on account of defective work and materials under Vogel's contract. Some portions thereof may have been allowed, and in the evidence appears to have been allowed on account of defective work in the portion of the contract for the erection of the building performed by the plaintiffs themselves. All they can recover of the defendant is the amount of damages which they were obliged to allow to the village on account of Vogel's breach of his contract, and in no event can they recover more, because that was the extent of the damages actually suffered by them.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.