FERRIS *v.* SNOW.

LAND CONTRACT—SPECIFIC PERFORMANCE—PARTIES.
  A bill to enforce a contract under seal for the purchase of land,
  which charges that one of the defendants, who executed the
  contract as trustee, was acting for himself and for two others
  joined as defendants, whom the contract does not name or
  purport to bind, is demurrable, in the absence of averments
  of a ratification of the agent's act.

124    559
s83NW  374
s130   255

124    559
s83NW  374
e131   337

Appeal from Wayne; Frazer, J.    Submitted February 6, 1900.    Decided July 7, 1900.

Bill by Loyde L. Ferris, administratrix of the estate of George W. Ferris, deceased, against Frank E. Snow, Fremont Woodruff, and William A. Jackson, for the specific performance of a land contract.    From an order overruling a demurrer to the bill, defendants appeal.    Reversed.

*George W. Radford*, for complainant.

*De Forest Paine*, for defendants.

MONTGOMERY, C. J.    The bill in this case was originally filed by the complainant to enforce a land contract between the intestate, as vendor, and the defendants, as vendees.    The contract was signed by the intestate and wife and by Frank E. Snow, trustee.    The bill avers that:

"Said Frank E. Snow executed the same as Frank E. Snow, trustee, but your oratrix avers the fact to be that said Frank E. Snow, in executing said contract, acted for and on behalf of himself and said defendants Fremont Woodruff and William A. Jackson, and that said Frank E. Snow, Fremont Woodruff, and William A. Jackson were the joint purchasers of the premises in accordance with the terms of said contract, and should be held liable and decreed to perform the said contract."

To this bill the defendants interposed a demurrer, setting up the following grounds:

"1. The bill is by the personal representative of a deceased vendor, and the heir is not made a party.

"2. There is no offer in the bill to put the defendants in possession, nor any averment that they are in possession.

"3. It appears that defendants Woodruff and Jackson did not sign the contract of purchase, but the bill avers that they, with defendant Snow, 'were the joint purchasers of the premises.' The bill contains no averments to show them to be such, nor how or in what manner, or upon what authority to Snow, they became such. The bill is multifarious and uncertain.

"4. The prayer of the bill is for judgment and execution, and not for a sale.

"5. It does not appear that any tender of performance was made by complainant, or that a deed was tendered before the bill was filed."

On the hearing the court sustained the demurrer as to want of parties, and overruled it as to other grounds, at the same time permitting an amendment to the bill making the heirs at law of the deceased parties defendant. From the order overruling the demurrer, defendants have appealed.

Counsel for appellants discusses the question of want of parties, but that question is not before the court. The appeal can only be considered as one from so much of the order as overruled defendants' demurrer. The contract in this case is under seal, and does not name or purport to bind defendants Woodruff or Jackson. The technical rule that a party not named in a sealed instrument cannot be made liable upon it, in the absence of some act of subsequent ratification, applies. Mechem, Ag. § 418 *et seq.;* *Briggs* v. *Partridge,* 64 N. Y. 357 (21 Am. Rep. 617); *Henricus* v. *Englert,* 137 N. Y. 488 (33 N. E. 550). No facts showing subsequent ratification are averred in the bill. The demurrer was therefore well taken, and must be sustained. The case will be remanded, with leave to complainant to amend under the rule. Defendants will recover costs of this court.

The other Justices concurred.