(34 Misc. Rep. 466.)

KUNZWEILER v. LEHMAN.

(Supreme Court, Trial Term, Kings County. April, 1901.)

1. ACTION ON BOND—PLEADING.
    In an action on a bond given a building contractor for performance of the contract by the owner of the premises, where the surety claims a discharge from liability by reason of variance from the contract, and by a failure to complete the contract within the fixed time, the defense must be pleaded.

2. SAME—DEFENSES.
    Delay of building contractor in completing the work, caused by negligence of the owner, is not a defense in an action by the contractor against the surety of the owner.

3. SAME.
    Where an owner gave a building contractor a bond for performance of his contract, alterations in contract at the instance of the architect of the owner, and slight alterations involving neither extra expense nor time, will not discharge the surety.

Action by Peter Kunzweiler against Otto Lehman to recover on a bond. Verdict for plaintiff. Motion for a new trial. Denied.

Charles J. Patterson and James C. Cropsey, for plaintiff.
Foley & Powell, for defendant.

HOUGHTON, J. The plaintiff was a contractor, and one Hatfield the owner of a building in which the plaintiff agreed to make certain alterations. The defendant guarantied the performance of the contract on the part of Hatfield. The repairs were to be completed within 40 days. Eight days after the expiration of the time for completion, Hatfield terminated the contract, and completed the building himself. The roof was not embraced in the plaintiff's contract. The plaintiff showed that the roof remained in such condition, from the neglect of Hatfield to have it completed, that work which he was to do could not be done, and the jury found that the plaintiff was not re-

sponsible for the delay. The contract was practically completed at the time the contract was terminated by Hatfield, and the jury rendered a verdict for that portion of the work done up to that time, measured by the contract price. Certain questions with respect to the materiality of evidence under the pleadings were disposed of upon the trial. The defendant does not complain of the rule of damages laid down by the court. Upon the motion for a new trial, the parties were allowed to submit briefs upon the proposition as to whether or not the failure of the plaintiff to complete the contract within the time agreed upon, and certain variations in the work, constituted such a departure from the contract that the defendant, as surety thereunder, was relieved. Those are the questions now considered.

Whatever effect the failure to complete the contract within the time prescribed, and the variations from the contract in the performance of the work, may have had upon defendant's rights as surety, I think he has waived them by his failure to plead that defense. His answer admits the making of the contract as claimed by plaintiff, and his own guaranty. The substance of the further allegations of the answer is that Hatfield had a right to terminate the contract and prevent the plaintiff from doing further work thereon, because plaintiff had failed to perform according to the terms of the contract. This admitted proof as to how much had been done under the contract, and whether it was completed or not, and whether Hatfield had the right to terminate it, all of which questions have been passed upon under the verdict of the jury. Incidentally, testimony pertinent to that issue disclosed what the defendant now claims relieved him from responsibility under his guaranty; but,without an affirmative defense alleging that he was relieved because of the variation of the contract which he guarantied, I do not think he is entitled to that relief. The variation of the contract between plaintiff and Hatfield was new matter, which, if it arose at all, arose after the execution of the guaranty by defendant. Defenses arising after a contract has been made constitute new matter, which must be pleaded. Code Civ. Proc. § 500; St. John v. Skinner, 44 How. Prac. 198; Weaver v. Barden, 49 N. Y. 286. The defense that a surety is discharged by an extension of time given to the principal must be interposed by answer. Hubbard v. Gurney, 64 N. Y. 457. In commenting upon whether or not a surety under a building contract was relieved by changes in the contract, the court, in Henricus v. Englert, 137 N. Y. 495, 33 N. E. 550, says, "We may also notice that the defense that the defendant, as surety, was discharged by changes in the contract, was not set up in the answer." The defendant, therefore, is not in position to claim that the plaintiff and Hatfield varied the contract in such manner as to relieve him from responsibility.

But, in addition to this failure of pleading, I think that there was no such change in the contract as to relieve the defendant from his liability as surety. With respect to not completing the work within the time specified in the contract, the proof showed, and the jury found, that the plaintiff urged Hatfield to repair the roof so that he could complete his contract within the period, and that Hatfield neglected to do it. The plaintiff is not responsible for such acts of Hat-

field, and the defendant is not relieved from his guaranty because his own principal does not keep his part of the contract. A surety is only relieved from liability where the parties to the contract which he has guarantied mutually agree to change it, and make a different contract from that which the surety has guarantied will be performed. In Henricus v. Englert, 137 N. Y. 495, 33 N. E. 550, 552, the court says:

"If the plaintiffs had in any way been a party to those changes and altera-tions of the contract, the defendant would have been in a position to claim (whether successfully or unsuccessfully, we do not determine) that he was discharged from the obligation of his bond as surety for Vogel. But it is im-possible to perceive how any action of Vogel, or of Vogel and the architect, could deprive the plaintiffs of their right to enforce the obligations of the bond against the defendant."

Hatfield neglected to put the roof, which was not included in the plaintiff's contract, in proper condition so that the work might be progressed. Therefore it does not relieve the defendant from respon-sibility because the plaintiff did not complete his contract within the time limited. Nor do I think such changes as were made in construc-tion relieved the defendant from liability. The most material change was in the glass front and doors of the building. The jury found by their verdict that the architect employed was the architect of Hat-field. This architect gave the plaintiff a detailed plan of the front of the building and the doors, and directed the construction according to that plan. This was the principal thing that Hatfield complained of. He denied that the architect was employed by him, or that the de-tailed plan was one furnished by the architect. The proof is over-whelming upon this point. The plaintiff was not responsible because the front and doors, constructed according to this plan, did not please Hatfield or fit the building. Whatever the architect did was the act of Hatfield, and the defendant was not relieved because the plaintiff did what the architect directed. The plaintiff was not a party to any changes in respect to the front differing from the contract; and, as was said in Henricus v. Englert, supra, it is impossible to perceive how any action of Hatfield and the architect could deprive the plain-tiff of his right to enforce the obligation of the defendant. I cannot subscribe to the doctrine that the surety was relieved by the other minor changes in the contract which were made in the course of the repairs to the building. The only thing of importance was the fact that the plaintiff and Hatfield agreed that the plaintiff should put deafening for tiling in a certain floor not embraced in the contract, instead of laying a floor in the water-closet, as provided by the con-tract. The one work was substituted for the other. No charge was made for it. It was all considered as being under the contract, and while the contract of a surety is a strict one, and he is bound only to respond to the contract which he actually guarantied, yet such a change in a building contract I do not think operates to relieve the surety. It might as well be said that if the owner desired two panes of glass in a window, instead of four, which the contract called for, an acquiescence by the contractor in his wishes, and the putting in of the two panes instead of four, would relieve any bond or guaranty

that may have been given to pay the contract price. While the language of some of the cases with respect to changes is that an alteration, material or immaterial, relieves the surety, yet I think it must be held that in a building contract such a variation from performance, without extra charge, without taking extra time, without being any substantial variation from the terms of the contract, is not sufficient to relieve the surety from his obligation. On all the grounds, the motion for a new trial must be denied.

Motion denied.