(72 App. Div. 236.)

### RAND et al. v. MOULTON et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. LEASE—EXECUTION—PRINCIPAL AND AGENT—RIGHTS OF PRINCIPAL.

A lease under seal recited that it was made between certain persons "as attorneys of fact of" the owners, "parties of the first part," and another, "party of the second part," and contained covenants on the part of the "parties of the first part." At the end it stated, "In witness * * * the parties hereto have * * * set their hands," and it was signed by the names of the attorneys in fact, followed by "Attorneys in Fact of," naming the owners. It was also signed by the lessee. *Held*, that the lease was made by the owners of the premises as principals, and signed by their attorneys in fact for them, and therefore the owners had the right to maintain an action against a surety for rent due, on default of the lessee to pay the same.

2. SAME—POWERS OF AGENT—MANNER OF EXECUTION.

A power of attorney authorized attorneys in fact to lease the real estate of the principals in the name of "the estate of" a decedent. The attorneys in fact executed a lease, reciting that it was made by them "as attorneys in fact" of the principals, the "widow and heirs of" the decedent, and the owners of the premises. *Held*, that the lease was a substantial compliance with the power of attorney, entitling the principals to maintain an action for rent against a surety for the payment thereof.

Appeal from Rensselaer county court.

Action by Ellen M. Rand and others against James J. Moulton and others. From a judgment of the county court affirming a judgment of the city court nonsuiting plaintiffs, they appeal. Reversed.

Plaintiffs claim to have leased to one Keenan, by written lease executed through their duly authorized attorneys, certain premises in the city of Troy, for the yearly rent of $1,800, commencing January 1, 1900, and that these defendants, as his sureties, indorsed upon such lease a written guaranty for the payment of such rent and for the performance by Keenan of all the obligations by him assumed therein.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Henry W. Smith and Andrew P. McKean, for appellants.
Benj. E. De Groot and Edward L. Nugent, for respondents.

PARKER, P. J.   The first paragraph of the lease in question recites that it is made "between Harry Gardner Rand and John P. Frothingham as the attorneys in fact of Ellen M. Rand, Maud Rand Frothingham, Harry Gardner Rand, and Estelle Rand, the widow and heirs at law of Gardner Rand, deceased, and the owners as tenants in common of the premises hereinafter described, parties of the first part," and Henry M. Keenan, etc., party of the second part.   The lease then proceeds to declare that the parties of the first part let and lease to the party of the second part certain premises, describing them, upon certain terms specified.   All the further covenants contained in such lease are assumed either by the "parties of the first part" or the party of the second part, and nowhere therein is any covenant, undertaking, or promise made by the said Rand and Frothingham.   By the terms of the lease, therefore, I am of the opinion that the agents, Rand and Frothingham, clearly disclose who their principals are, and that they assume to be acting for them only, and in no particular assume to act for themselves.   Indeed it seems clear that such principals, viz., the plaintiffs in this action, are described in the lease to be the parties of the first part therein, and, so far as its terms are concerned, it is a contract entered into between them, on the one part, and the lessee Keenan, on the other part, and that the rent therein reserved was to be paid by him to them.   If, therefore, such lease has ever been executed by such parties, so as to make it obligatory upon each, then, clearly, when the lessee made default in the payment of such rent, a cause of action arose in favor of these plaintiffs against him.   Concededly, it has been executed by Keenan in duplicate, and mutually delivered; so the remaining question is:   Has it ever been properly executed by the parties of the first part?   At the end of the lease it is stated, "In witness whereof, the parties hereto have interchangeably set their hands and seals this thirty-first day of January, in the year one thousand nine hundred."   It is then signed:   "Harry G. Rand [L. S.], John P. Frothingham [L. S.], Attorneys in Fact of Ellen Rand, Maud Rand Frothingham, Harry Gardner Rand, and Estelle Rand.   Henry M. Keenan.   [L. S.]"   It is very clear that this lease is in the name of the principals, viz., these plaintiffs, and not of the agents.   It also purports to be their deed.   This is manifest from its terms.   Under such circumstances, it is immaterial in what form the signature is, whether "principal by agent" or "agent for principal."   1 Am. & Eng. Enc. Law (2d Ed.) p. 1037, and cases there cited.   Here it substantially is in the latter form; that is, the agents sign their names for the principals.   Their intention that their signing should be so construed is beyond all controversy.   There is not an undertaking in the lease to be performed by them individually. Their principals are named as the lessors and parties of the first part, and every obligation assumed by the lessors is, in terms, assumed by the "parties of the first part."   The last clause recites that it is "the parties" who have set their hands and seals; and in acknowledging their signatures preparatory to delivery the agents certify that they executed the instrument as the duly authorized attorneys in fact of "the parties of the first part."   Everything negatives the idea that the agents subscribed their names as parties to the lease, or with any

purpose other than to bind their principals; and, although the language which they used after their signatures, viz., "Attorneys in Fact of Ellen Rand," etc., alone by itself might be no more than mere "descriptio personæ," yet, read by the light of the contract itself, it evinces their clear intent to sign the instrument for their principals. In the instrument they clearly point out who those principals are, and so phrase the contract as to make them the parties thereto; and their signatures to the instrument are just as clearly intended to complete the transaction, and to be a final execution for and on behalf of those principals. And it will hardly be claimed that the lessee, Keenan, did not so understand the matter and accept the lease as the act and deed of such principals.

It is claimed that such a signing cannot be operative to bind their principals, because the instrument is under seal; and the case of Schaefer v. Henkel, 75 N. Y. 378, is cited as conclusive authority against it. In that case, the person whom it was subsequently claimed acted as agent for the plaintiffs was described in the lease as the party of the first part, and himself assumed all the obligations therein assumed by the lessor. He signed and affixed his seal to the instrument, but wrote the word "Agent" after his name. It was not claimed that the lessee had acknowledged that such party was acting for any person other than himself, nor that there was any other party of the first part indicated in the lease. It was held that the plaintiffs could not recover, upon the covenant in the lease, unpaid rent, against the lessee, upon the theory that such party of the first part was in fact acting as their attorney merely. The court held that the rule allowing an undisclosed principal to recover upon a contract made by his agent did not apply to sealed instruments. In the case before us, no such attempt is being made, and the principles involved in that rule are not invoked. Here the contract, as expressed in the lease, is directly between the principals and the lessee. The only question is whether such lease has ever been executed so as to bind anyone. Clearly, it is no obligation against the 'agents, because it does not purport to be made by them; nor do they appear therein as parties thereto. And, unless it has been so executed as to bind the principals, then no lease whatever has ever been executed between the parties. It is to be noticed that no seal was required to give validity to the lease, and if the form of execution is sufficient for a simple contract, but not for a sealed one, it is still a valid and effective lease between the parties thereto.

It is further claimed that, inasmuch as the power of attorney authorized these agents to lease the principals' real estate in the name of "the estate of Gardner Rand," and this lease is not in that form, it was inoperative, and not binding upon these plaintiffs, and therefore, for want of mutuality, not binding upon the lessee. The authority of the agents to lease the real estate described in this lease, upon the terms therein provided, is conceded. The only criticism is that they did not do it in the name of "the estate of Gardner Rand." Just how it was intended that name should be used in a lease is not clear, but it appears in the first paragraph of this lease that the principals of the agents there named were the owners of the lands, and

the widow and heirs at law of Gardner Rand, deceased.   They would constitute that estate, so far as his real property was concerned, if anyone would; and the form of this lease is therefore a substantial compliance with the direction in the power of attorney.   The lessee entered into possession under such lease, and the rent now sought to be recovered is to pay for the possession which he so enjoyed. He occupied for something more than one year, and in this respect it may be said that both parties have adopted and ratified the lease, in the form in which it was executed and delivered.   I do not think that this objection to its validity is a sound one.

The further claim by the respondents, that the defendants were discharged as sureties because the plaintiffs had refused to accept the rent when offered them, is not sustained by the evidence.   No proof that anyone on behalf of the lessee had offered to pay the rent in question appears in the record.

The obligation of these defendants is indorsed upon the lease.   It is to the effect that, as sureties for Keenan, they will pay to the parties of the first part in such lease named any rent which Keenan may make default in paying.   Inasmuch as it was shown upon the trial that Keenan was liable under such lease to the plaintiffs for the unpaid rent, as in the complaint claimed, a prima facie cause of action was shown against these defendants, and it was error therefore to nonsuit the plaintiffs.

For this reason the judgment of the courts below should be reversed, with costs.   All concur. °