TOWN OF ULYSSES et al. v. COLLINS et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. COUNTIES—TREASURER—ACTION ON BOND.

     Code Civ. Proc. § 1888, enacts that, where a public officer is required to give an official bond "to the people," and no provision is made for prosecution of the bond, any person injured by default of the officer may apply for leave to prosecute the bond. Section 1887 provides that, where a county treasurer fails to pay moneys as directed by an order or judgment of court, the person injured may apply for leave to prosecute his official bond. *Held* that, where a county treasurer failed to pay to a town money apportioned to it from the school funds, the town and the supervisor thereof could not maintain an action against him on his official bond to the county; they not being parties to the bond, and the case not being within either of the statutes.

2. SAME—RIGHT TO SUE—DEMURRER.

     Where a town and the supervisor thereof sue a county treasurer on his official bond to the county for failure to pay moneys to the town, and there is no authority whatever for an action on his bond by them, defendant's failure to demur to the complaint is not a waiver of objection to the maintenance of the action.

Appeal from Trial Term, Tompkins county.

Action by the town of Ulysses and another against John H. Collins and others. From a judgment in favor of defendants other than defendant Charles Ingersoll, plaintiffs appeal. Affirmed.

Charles Ingersoll was elected county treasurer of the county of Tompkins in the fall of 1896. Before entering upon the duties of his office as such county treasurer, he gave an undertaking, with sureties, to the county of Tompkins, in the form provided by statute, which undertaking was approved by a resolution of the board of supervisors of the county of Tompkins, and filed, as also provided by statute. By said undertaking it is provided that said county treasurer and his sureties "are held and firmly bound unto the county of Tompkins in the penal sum of two hundred thousand dollars ($200,000.00) to be paid to the county of Tompkins its successors and assigns." The condition of the undertaking is as follows: "Whereas the above bounden Charles Ingersoll has been duly elected treasurer of Tompkins county for the term of three years from the first day of January 1897 now therefore, if the said Charles Ingersoll shall faithfully execute the duties of his office and shall pay over according to law and account for all moneys, property and securities which shall come into his hands as Treasurer. and render a just and true account thereof to the Board of Supervisors, when thereunto required, and obey all orders and directions of a competent court relating thereto; then this obligation shall be void, otherwise to remain in full force and virtue." Ingersoll entered upon the duties of said office January 1, 1897, and continued the county treasurer of said county until January 1, 1900. On or about April 1, 1899, said Ingersoll as such county treasurer received from the state treasurer of the state of New York the sum of $27,715.66, the moneys apportioned by the superintendent of public instruction for the support of the common schools in the county of Tompkins for the year 1899. The school commissioners of said county of Tompkins apportioned the said $27,715.66 among the several school districts and parts of school districts in said county, stating the towns in which said school districts and parts of school districts were situated. The amount so apportioned to the school districts and parts of school districts in the town of Ulysses was $2,608.03. The supervisor of the town of Ulysses gave to said treasurer. in behalf of said town, his bond with sureties in the form provided by statute for the faithful disbursement, safekeeping, and accounting for such moneys and of all other school moneys

¶ 2. See Pleading, vol. 39, Cent. Dig. § 1366.

which should come into his hands from any other source, which bond was duly approved by said county treasurer. Thereafter said Ingersoll, as such county treasurer, paid to the supervisor of the town of Ulysses, from time to time, on account of said school moneys so apportioned to said town of Ulysses, the sum of $2,135.25, leaving unpaid a balance of $476.78. Said Ingersoll wrongfully and unlawfully converted the said $476.78 to his own use. The said supervisor of the town of Ulysses duly demanded said balance of $476.78 from said county treasurer, but said county treasurer neglected and refused to pay the same, and said balance of $476.78 has never been paid to the supervisor of the town of Ulysses. This action is brought by the town of Ulysses and the supervisor of said town of Ulysses against said Charles Ingersoll and the sureties on his said undertaking to recover said balance of school moneys so remaining unpaid. Issue was joined between said plaintiffs and the defendants, who were sureties on said undertaking. The trial court held that the county of Tompkins was the only obligee named in said undertaking, and that the complaint did not state, and the plaintiffs had not shown, a cause of action on said undertaking in their favor, and dismissed the plaintiffs' complaint.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

David M. Dean and Randolph Horton, for appellants.
Halliday & Denton (E. A. Denton, of counsel), for respondents.

CHASE, J. This action is wholly based upon the contract as stated in the undertaking given by the defendants to the county of Tompkins. The Court of Appeals, in speaking of an instrument under seal, and the right to maintain an action thereon, has said:

"But where an instrument is under seal no person can sue or be sued to enforce the covenants therein contained except those who are named as parties to the instrument, and who signed and sealed the same." Henricus et al. v. Englert, 137 N. Y. 488, 33 N. E. 550.

The undertaking now under consideration seems to be included among the instruments so mentioned by our court of last resort; and, the plaintiffs not having been named as parties thereto, cannot therefore maintain this action, unless their right so to maintain the same is given by some statutory authority controlling upon the parties signing the instrument.

The provisions of section 1888 of the Code of Civil Procedure do not apply to the alleged claim of the plaintiffs in this action. Said section provides as follows:

"Where a public officer is required to give an official bond to the people, and special provision is not made by law, for the prosecution of the bond, by or for the benefit of a person who has sustained, by his default, delinquency, or misconduct, an injury, for which the sureties upon the bond are liable, such a person may apply for leave to prosecute the delinquent's official bond."

The undertaking signed by the defendants was not given to "the people," and is not included within the letter of said section. Section 1887 provides in what cases leave of the court may be obtained for persons other than the obligee in a county treasurer's bond to bring an action thereon. The plaintiffs are not included within the provisions of that section. The supervisors of the several towns are by statute made the temporary custodians for the school money and the intermediaries for its payment for the benefit of the several

school districts. No statutory authority has been called to our attention for towns or the supervisors of towns to bring an action on the county treasurer's bond, where default has been made in the payment of school money. Ample remedy is afforded to such school districts, and the supervisors of towns in which they are situated, without such an action.

It is suggested by the appellants that the defendants should have demurred to the plaintiffs' complaint on the ground that the plaintiffs did not have legal capacity to sue, and that, having failed to so demur to the plaintiffs' complaint, they have waived any objection to the plaintiffs' maintaining this action. The defendants' objection to the plaintiffs' maintaining this action is one relating to the substance of the cause of action itself, and not simply to the legal capacity of the plaintiffs to sue. The complaint did not state, and the proof does not show, facts sufficient to constitute a cause of action in behalf of the plaintiffs against the defendants, and the complaint was therefore properly dismissed.

The judgment should be affirmed, with costs. All concur.