(49 Misc. Rep. 529)

COCHRAN v. MacRAE.

(Supreme Court, Appellate Term. February 27, 1906.)

PRINCIPAL AND AGENT—ACTS OF AGENT—LEASE—ACTION FOR RENT—PARTIES
    ENTITLED TO SUE.
        Where the name of the owner of premises was affixed to a lease thereof
    by the owner's agent, the owner's name being followed by a seal and that
    by the signature of the agent, the owner might sue to recover the rents
    as though he had made the lease personally.
        [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and
    Agent, §§ 692–694.]

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by Alexander Smith Cochran against Gustavus Fulton Mac-
Rae. From a judgment in favor of plaintiff, defendant appeals. Af-
firmed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-
BAUM, JJ.

Frank Trenholm, for appellant.
Arlington C. Kendall, for respondent.

GIEGERICH, J. This action is for rent upon a lease under seal,
bearing date the 14th day of September, 1904, which recites that it is
made "between Alex Smith Cochran [the plaintiff] of the first part and
G. F. MacRae [the defendant] of the second part," and that the party
of the first part has let to the party of the second part, and that the
latter has taken from the former, the premises in suit upon certain
specified terms. Then follow covenants, not necessary to be quoted for
the present purposes, that are assumed by each of the parties to the lease,
which ends with the following recital: "In witness the parties have here-
unto set their hands and seals the 14th day of and year first above
written." The lease is signed as follows: "Alex Smith Cochran. [L.
S.] M. R. Thompson, Supt. G. F. MacRae. [L. S.]"

The defendant entered into possession of the demised premises, and
remained there until the latter part of August, 1905, when he vacated
them. In an action to recover the rent for that month and the following
one, the defendant resists payment on the ground that, "since the plain-
tiff had not personally signed and sealed the lease, he had not legal
capacity to sue." The point is untenable. The lease, as above shown,
was executed in the name and under the seal of the principal, viz., the
plaintiff, and not of Thompson, the superintendent, and purports to be the
former's deed. It is therefore immaterial in what form the signature is,
whether "principal by agent" or "agent for principal." Rand v. Moul-
ton, 72 App. Div. 236, 76 N. Y. Supp. 174; 1 Am. & Eng. Enc. of Law
(2d Ed.) 1037. The case of Henricus v. Englert, 137 N. Y. 488, 33
N. E. 550, relied on by the defendant, is not opposed to these views.
There the bond was given under the name of "M. Henricus & Son,
Agents," no other person being described or named in any other way as
obligee, and the court applied the general rule that, the instrument being
under seal, the obligees were the only persons authorized to sue upon it.

Here, however, we have an entirely different situation; the lease being directly between the plaintiff, the owner of the real property and the real party in interest, and the defendant, the lessee, the name of the superin-tendent not appearing in the body of the lease. The lease having thus been made for and in the name of the plaintiff, the principal, he had a right to enforce it, and to maintain the action in his own name to the same effect and in the same manner as though he had made such lease personally, which, in legal effect, was made by and with him, and not by or with the agent. Bayley v. Onondaga County Mutual Insurance Co., 6 Hill, 476, 41 Am. Dec. 759; 1 Am. & Eng. Enc. of Law (2d Ed.) p. 1168.

Judgment should be affirmed, with costs. All concur.