(61 Misc. Rep. 84.)

### BUGE v. NEWMAN.

(Supreme Court, Appellate Term. November 30, 1908.)

PRINCIPAL AND AGENT (§ 183*)—LEASE IN NAME OF AGENT—SEAL—ACTION FOR RENT—PARTIES.

A lease being under seal and signed in the name of L. as lessor, though with the word "Agent" after his name, he alone can sue for the rent; it not being shown the lessee knew who was the true owner when the lease was executed, but only "about" that time, though before the commencement of the term.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 691–700; Dec. Dig. § 183.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Bernard A. Buge against Minnie F. Newman. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William R. Hill, for appellant.

William Wills, for respondent.

PER CURIAM. The action is for rent under a lease, signed and sealed by defendant as tenant and one Lyon "as agent," which lease covers premises belonging to plaintiff. The complaint was dismissed at the end of plaintiff's case, on the ground that plaintiff was not the real party in interest.

The rule has been laid down by the Court of Appeals that no person can sue, or be sued, to enforce covenants contained in an instrument under seal, except those who are named as parties therein and who signed and sealed the same, which rule is not affected by the fact that the word "agent" is added to the name of one of the parties as it appears in the instrument, or that it appeared upon the trial that in the making of the contract the person, so described as "agent" in the instrument, was in fact acting as agent for the principal seeking to enforce the contract. Henricus v. Englert, 137 N. Y. 488, 494, 33 N. E. 550. Where it appears from the instrument that the seal affixed is the seal of the person subscribing, who designates himself as agent, and not the seal of the principal, the agent only is the real party in interest who can maintain an action upon the instrument; and in the absence of proof that the lessee had knowledge that such agent was acting for the owner, or had recognized the latter's rights, and in the absence of an assignment of the lease to the owner, the latter cannot maintain an action on the lease under seal in his own name to recover rent accruing thereunder, as the parties executing the lease under seal are the real parties in interest and alone are bound thereby, and the contract of lease under seal cannot be regarded as a simple contract and the seal rejected as surplusage. Schaefer v. Henkel, 75 N. Y. 378.

In the case at bar it is admitted that Lyon was, as a matter of fact, the agent of plaintiff in making the lease and that the rent has not been paid. The defendant, as a defense to the nonpayment of rent, claims a constructive eviction; but the complaint was dismissed upon plaintiff's evidence on the sole ground above stated, and the only question here presented is whether or not this case can be distinguished from the authorities above cited. The lease in suit was made on August 14, 1906, but the term commenced on October 1, 1906, and ran to October 1, 1907, and defendant moved out on July 17, 1907. The lease was practically a renewal of a former lease between the same parties (i. e., Lyon, as agent, and the defendant), running from October 1, 1905, to October 1, 1906. It appears that about the middle of August, 1906, but whether before or after the making of the lease in suit does not appear, but certainly some time before the defendant went into possession of the premises under said lease, plaintiff called on defendant in the leased premises, in response to a request from defendant,

and had a conversation with defendant with regard to making repairs; that plaintiff told defendant that she was the owner, having bought the property from one Blinck; and that, as a result of that conversation, repairs were made in the leased premises. It further appears that the agent, Lyon, was without express authority from plaintiff to seal the lease, which, as a matter of law, required no seal to make it valid.

For all that appears, however, another suit may have been brought by Lyon to recover the very same rent, and it is not clear what valid defense could be interposed to such an action, so far as Lyon's interest is concerned. Schaefer v. Henkel, supra. It seems to us that, notwithstanding the fact that the testimony of plaintiff is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom, it is not shown that defendant, at the time of making the lease, had knowledge of the title of plaintiff and the agency of Lyon, and recognized such title, and that the case at bar falls within the authorities above cited.

Judgment affirmed, with costs.

SEABURY, J. (dissenting). I think that the fair inference from the testimony is that the defendant knew that the plaintiff was the owner of the demised premises and that the person who signed the lease as agent was the agent of the plaintiff. Under these circumstances, this case does not come within the technical rule of the law of covenants declared in Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550, and Schaefer v. Henkel, 75 N. Y. 378. If the lease had not been under seal, no obstacle would stand in the way of doing justice to the plaintiff and permitting him to recover the amount to which he is unquestionably entitled. It appears from the record before us that the plaintiff's agent had no authority to make the lease under seal. It seems to me to be attaching an undue importance to the seal to preclude the plaintiff from recovering in this action on account of it, when it was affixed to the lease without his authority. Justice Holmes, in discussing the early history of contract, does, indeed, point out that:

"Seals acquired such importance that, for a time, a man was bound by his seal, although it was affixed without his consent." The Common Law, p. 272.

It can hardly be claimed to-day that any such sanctity adheres to the seal. Tradition, doubtless, still ascribes to it an importance which it does not legally possess, and it continues to survive as a harmless and unnecessary embellishment upon many legal papers. To permit its unauthorized presence on a lease to bar the plaintiff's right to recover upon the lease, when the defendant knew that the plaintiff was the owner of the demised premises, is to accord a deference to ritual and formalism which is not supported by reason.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.