## CLEARY v. HEYWARD.

(Supreme Court, Appellate Term. May 24, 1910.)

PRINCIPAL AND AGENT (§ 143*)—ACTION ON CONTRACT UNDER SEAL.

A contract being under seal, and in terms between "C.," as agent, and another, without disclosing the name of any principal of C., he, and not any principal of his, is the party to sue on it.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 502–512; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by John Cleary against Millie Heyward. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

William R. Hill, for appellant.
Lucille Pugh, for respondent.

GUY, J. This action was brought upon a lease under seal, made between "John Cleary, as agent, party of the first part," and Millie Heyward, party of the second part. Nowhere in the lease does the name of the principal, if there be one, appear. The complaint was dismissed by the trial court, "without prejudice to a new action," upon the ground that the plaintiff was not the real party in interest, and that the proper party to sue upon the lease was the principal of the plaintiff.

The appellant relies mainly upon the rule set forth in Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550:

"Where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties in the instrument, and who signed and sealed the same."

The law upon this proposition has also been very ably stated by Mr. Justice McLaughlin in Spencer v. Huntington, 100 App. Div. 469, 91 N. Y. Supp. 561. It is controlling in this case.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.