CHARLES W. DENIKE, Respondent, *v.* HENRY P. DE GRAAF, Appellant.

*Principal and agent — sealed instrument — an action for deceit, by one not named in it, is based upon the contract and cannot be maintained.*

Where an agreement is executed under seal it cannot be shown that any of the parties thereto acted for a principal not named in the instrument.

Where a person not named in an instrument brings an action to recover damages for alleged fraudulent representations inducing its execution, stating that one who executed the instrument was his agent, and that the plaintiff was induced by deceit to enter into the contract, such an action is based upon the contract, is an affirmance of it, and cannot be maintained by the alleged principal.

The right to affirm and to disaffirm a contract must vest in the same person, and it is impossible to separate these rights.

As the plaintiff, a stranger in law to the instrument, could not affirm or disaffirm the contract, he could not recover damages for deceit unless such cause of action was specially assigned to him by his agent who actually executed the instrument.

APPEAL by the defendant, Henry P. De Graaf, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 13th day of October, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order entered in said clerk's office on the 5th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*James R. Marvin*, for the appellant.

*H. J. Morris*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the plaintiff entered on the verdict of the jury at Circuit, and from an order denying defendant's motion for a new trial.

The action is to recover damages for deceit in the contract for the exchange of lands. The complaint alleges that one Burnham, acting for the plaintiff, entered into an agreement with the defendant under their hands and seals for the exchange of certain lands, and that the plaintiff was induced to enter into such contract and carry it out by the false representation of the defendant that the land he

agreed to convey had cost him $125,000 in trade. The written agreement produced on the trial was between Burnham individually and the defendant, and was under seal.

The first question presented is whether the plaintiff can maintain this action. That he could have maintained no action on the contract is unquestionable, because as to agreements under seal it is not permitted to show that any of the parties acted as agent for a principal not named in the instrument. (*Briggs* v. *Partridge,* 64 N. Y. 364 ; *Schaefer* v. *Henkel,* 75 id. 378.)

The plaintiff concedes this proposition, but contends that the rule only applies when the action is brought directly on the sealed instrument, and that this action is not on the contract, but for fraud in inducing him to enter into the contract. We are referred to no authority in support of this claim nor can we find any. The plaintiff was not in law a party to the contract. Though Burnham was his agent the plaintiff was no wise bound in the contract or liable for its non-performance. In *Squier* v. *Norris* (1 Lans. 282) the husband, with the authority of his wife, made a contract under seal in his own name for a sale of the wife's land and she received a sum of money on account of the sale. Yet it was held that a performance of the contract by the wife could not be enforced. We cannot see how a party can be defrauded by the execution of a contract between strangers, and such in law were the parties to the contract to this plaintiff. Upon discovery of a fraud the party defrauded has two remedies. He may disaffirm the contract, and, tendering the return of what he has received under it, may compel the other party to restore what he has obtained from it. Or he may affirm the contract, stand on his bargain and recover as damages the difference between the actual value of what he has received and what would have been its value had the fraudulent representations been proved. (*Vail* v. *Reynolds,* 118 N. Y. 297.)

As Burnham was the only party who could have enforced the contract it would seem clear that he was the only person who could disaffirm it. The right to disaffirm could not well vest in one person and a right to recover damages in another. Further, as said in *Vail* v. *Reynolds,* the action for deceit is an affirmance of the contract; the action is in fact based on the contract. Practically the representation is a warranty which the law incorporates into the

contract on account of the fraud of the defendant. It is impossible to separate the title to a right of action for such damages from the title to the contract itself, except by an assignment.

The judgment and order denying motion for a new trial should be reversed and the complaint dismissed, with costs.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and complaint dismissed, with costs.