(37 App. Div. 525.)

WHITEHOUSE et al. v. DRISLER et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. REAL-ESTATE BROKERS—EMPLOYMENT—RIGHT TO COMMISSIONS.

A property owner received an offer from a firm of real-estate brokers, which he accepted, and a sealed contract to sell and convey was executed between him and one of the firm. After the owner's death, his executors, pursuant to the contract, at the vendee's request and without knowing that vendee's firm claimed to be acting as their brokers, conveyed the real estate to a third person. *Held* insufficient to show an agreement, either by the owner or his executors, to pay the brokers a commission for effecting the sale.

2. PAROL EVIDENCE—PARTIES TO INSTRUMENTS.

Parol evidence is inadmissible to show that an agreement under seal to purchase real property was not the agreement of the person named as vendee, but that of a third person, not in any way therein mentioned.

Appeal from trial term, New York county.

Action by Worthington Whitehouse and another against Henry Drisler and others, as executors of the last will and testament of Henry Drisler, deceased. From a judgment for plaintiffs and from an order denying a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Stephen O. Lockwood, for appellants.

Robert McM. Gillespie, for respondents.

McLAUGHLIN, J. This action was brought to recover commissions alleged to have been earned by the plaintiffs, real-estate brokers, in selling certain real estate under an agreement made with defendants' testator. The defendants by their answer denied all the material allegations of the complaint. Upon the trial it appeared that Henry Drisler, the defendants' testator, on the 22d of February, 1897, went to the plaintiffs' office, in response to a letter written by them the day before, and announced that he accepted the offer made in their letter for the real estate in question. A contract was thereafter prepared (by whom the record before us does not disclose) between Drisler and the plaintiff Whitehouse. It was under seal, and bore date the 21st of October, although not executed until the 27th of that month. By this contract, Drisler agreed to sell, and Whitehouse to purchase, the real estate described, upon terms therein specified. Drisler, before a conveyance had been made under the contract, died. His will was thereafter admitted to probate, and letters testamentary issued to these defendants, who, in pursuance of the contract with Whitehouse and at his request, conveyed the premises to Amelia S. Rae, the mother of Whitehouse. When the conveyance was made to Mrs. Rae, the defendants did not know that the plaintiffs claimed to be acting as their brokers, and the first knowledge they had on that subject was when a bill for commissions was presented, several days later. The plaintiffs had never been employed by the defendants to make the sale, and the record before us is absolutely barren of anything to show that any agreement of that character had ever been made by their testator. The most that can be said to be established by the evidence introduced is that plaintiffs made the defendants' testator an offer for the real estate, either on behalf of themselves or some one else, which he accepted. This did not entitle them to commissions. Before one can demand compensation for making a sale, he must show that the owner has agreed to pay, or else facts must be presented from which that conclusion can be inferred. Here there was no employment in the first instance, and facts were not established from which an agreement to pay commissions could be inferred or implied. It follows that the exception taken by the defendants to the refusal to dismiss the complaint, at the close of plaintiffs' case and at the close of the whole case, was well taken.

Upon the trial the plaintiffs were permitted to prove, against the defendants' objection and exception, that when Whitehouse signed the contract he did so, at the request of plaintiffs' testator, for Mrs. Rae, to whom the conveyance was subsequently made. This we think was

error. The contract was under seal. The name of Mrs. Rae did not appear in it. There was nothing upon its face to show that she was in any way connected with it, or interested in the subject-matter of it. It could not have been enforced against her by the defendants. The covenant to buy was the personal covenant of Whitehouse, and it could only have been enforced against him. The rule is too well settled to require the citation of authorities that a person is not obligated to perform covenants in a written instrument under seal unless he be a party to it. It is equally as well settled that parol proof cannot be received for the purpose of showing that a contract under seal was really made for the benefit of, or on behalf of, some person not in any way appearing upon the face of or mentioned in the instrument. Referring to this rule, Judge Andrews in Briggs v. Partridge, 64 N. Y. 357, said:

"We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof de hors the instrument that the nominal party was acting as the agent of another. * * * The general rule is declared by Shaw, C. J., in Huntington v. Knox, 7 Cush. 374: 'Where a contract is made by deed under seal, on technical grounds no one but a party to the deed is liable to be sued upon it, and therefore, if made by an attorney or agent, it must be made in the name of the principal, in order that he may be a party, because otherwise he is not bound by it.' "

To the same effect is Schaefer v. Henkel, 75 N. Y. 378.

It follows that on account of the errors thus committed the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.