LUZERNE A. WILLIAMS, as Sole Surviving Partner of the Copartnership Firm of CASE, WILLIAMS & COMPANY, Appellant, *v.* JOHN MAGEE and Others, as Executors, etc., of GEORGE J. MAGEE, · Deceased, Respondents, Impleaded with EDGAR MUNSON and Others.

*Sealed instrument — one not a party to it or bound by its covenants cannot enforce it — a surviving partner of a firm, one of whose members signed the instrument, cannot enforce it.*

A person, not a party to a sealed instrument, but who claims that one of the parties thereto was acting as his agent, cannot maintain an action to enforce the covenants thereof unless the instrument specifically shows that the alleged principal is himself liable upon the covenants.

The preamble to a sealed agreement for the reorganization of a railroad company recited that John E. Gowan, George M. Case and Edgar Munson were the owners of the first mortgage bonds of the railroad company, "and as a committee represent the holders of other bonds of said company * * * amounting in all to $241,000," and also that default had "been made in the payment of interest upon said bonds, and the said committee, for themselves and the other bondholders, are desirous" of changing their investment. In that portion of the agreement containing the covenants to be performed, Gowan Case and Munson, individually, were designated as parties of the first part and one George J. Magee as party of the second part, and the agreement was executed by those parties as individuals.

*Held,* that one Williams, as surviving partner of a firm of which the said George M. Case was a member, and which held certain of the first mortgage bonds of the railroad company, could not maintain an action to enforce the covenants of the agreement, upon the theory that Case, in executing the agreement, was acting as the agent of his firm.

MCLENNAN, J., dissented.

APPEAL by the plaintiff, Luzerne A. Williams, as sole surviving partner of the copartnership firm of Case, Williams & Company, from a judgment of the Supreme Court in favor of the defendants, John Magee and others, as executors, etc., of George J. Magee, deceased, entered in the office of the clerk of the county of Onondaga on the 5th day of March, 1902, upon the decision of the court, rendered after a trial at the Onondaga Special Term, sustaining said defendants' demurrer to the complaint.

*W. S. Jenney,* for the appellant.

*Frank Hiscock,* for the respondents.

SPRING, J.:

The plaintiff has brought this action to recover damages for breach of a contract, under seal, entered into August 13, 1875, by John E. Gowan, George M. Case and Edgar Munson, as parties of the first part, and George J. Magee of the second part. The parties of the first part held first mortgage bonds of a defunct railroad company amounting to a large sum, and by this agreement with Magee were to foreclose the mortgage securing said bonded indebtedness, purchase the mortgaged property at foreclosure sale and convey the same to Magee or to a railroad company to be thereafter organized. In consideration whereof Magee was to deliver over to the parties of the first part first mortgage bonds of the said projected railroad company to the amount of fifty per cent of the principal of the bonds held and represented by the parties of the first part, and the action is based upon the alleged failure of Magee and his assignee, the railroad company, to perform the covenants of the said agreement assumed by him.

It is unnecessary for the determination of this appeal to recite the numerous facts set forth in the complaint leading up to and suc-

ceeding the execution of this agreement. Its subject-matter, with its connecting history, has evoked elaborate and learned discussions from the courts. (*Munson* v. *S., G. & C. R. R. Co.,* 103 N. Y. 58; *Munson* v. *Magee,* 22 App. Div. 333; affd., 161 N. Y. 182.)

The plaintiff in this action was not a party to the agreement. His right to recover for its breach is founded upon the allegation that Case, one of the parties to it, was acting as the agent of Case, Williams & Co., a copartnership of which the plaintiff is the sole survivor and which held certain of the said mortgage bonds which were to be delivered to Magee. The complaint contains apposite allegations showing the agency of Case as well as that of the parties of the first part generally in representing in part the other bondholders.

The right of the plaintiff to maintain his cause of action as surviving partner is consequently founded upon the assumption that he can show by extrinsic proof that Case was the agent of the copartnership. The law is apparently well settled in this State that only parties named in and who executed an instrument under seal can enforce its covenants. (*Henricus* v. *Englert,* 137 N. Y. 488; *Briggs* v. *Partridge,* 64 id. 357; *Whitehouse* v. *Drisler,* 37 App. Div. 525; *Schaefer* v. *Henkel,* 75 N. Y. 378.)

Magee could not have compelled the plaintiff and the other alleged bondholders to perform the covenants undertaken by the parties of the first part even after showing orally that they authorized the execution of the agreement. They must have been parties to the instrument, or, at least, that document must show specifically that they were the principals and are obligated by it; that is, the agreement establishes who are parties to it and are liable for the fulfillment of its covenants and may reap its benefits.

There are two circumstances to which the appellants' counsel alludes in vindication of his position. The preamble to the agreement contains the recital that Munson, Case and Gowan are owners of the first mortgage bonds of the railroad company, "and as a committee represent the holders of other bonds of said company, * * * amounting in all to $241,000."

Again, the said preamble states that default having "been made in the payment of interest upon said bonds, and the said committee, for themselves and the other bondholders, are desirous" of

changing their investment, "Now, This Indenture," etc. But when the agreement itself is prepared, wherein the covenants are undertaken, the parties individually are designated as parties of the first part and as individuals they executed it. The prelude may furnish a reason for the agreement, but it binds no one.

*Kiersted* v. *Orange & Alexandria R. R. Co.* (69 N. Y. 343) was an action to recover rent reserved in a lease under seal. It was executed by one Smith as lessee. The lease described him as "the general agent for the 'Virginia and Tennessee route,' comprising the following railroads," which were named, and included the defendants in the action. Upon the trial it was proven by extraneous evidence that Smith was in fact agent for the defendants with authority to negotiate for a lease. The plaintiff recovered, but the judgment was reversed by the Court of Appeals. The court, in its discussion of this subject, use this language (at p. 345): "And if he had been authorized to lease the premises for the defendants, that authority was not executed. The form of the lease made him the lessee, and the covenants in a deed can only be enforced against the party who, upon the face of the instrument, is the covenantor, although it appears by extrinsic proof that he acted as the agent for another."

In the sealed contract under consideration in *Henricus* v. *Englert* (137 N. Y. 488, *supra*) it was contended that the plaintiffs were not the real parties in interest. The plaintiffs appended to their names in the contract the word "agents," and proof was adduced upon the trial that they were the agents of their wives. The agreement, however, did not in terms bind the wives as principals, nor did it name them. The court held that the contract was that of the persons who executed it, and that they alone could enforce its covenants. The court again drew attention to the distinction between an instrument under seal and one without, and reasserted the principle that in the former indenture only parties to it are recognized in suits for the enforcement of its covenants or to recover damages for a breach of the same.

The solemnity which for centuries has been attached to instruments under seal still remains anchored as something tangible and of substance, although in this practical age we are apt to think it rests upon a fiction.

If the contract was really for the benefit of plaintiff's firm before he has legal capacity to sue he must obtain an assignment of the same.

The judgment should be affirmed, with costs and disbursements of this appeal to the respondents.

WILLIAMS and DAVY, JJ., concurred; McLENNAN, J., dissented; HISCOCK, J., not sitting.

Judgment affirmed, with costs.