### WILLIAMS v. MAGEE et al.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. CONTRACT—SEALED INSTRUMENT—RECITALS — RIGHTS OF PERSONS NOT PAR-TIES.

Where a sealed instrument recited that three persons, as individuals, were owners of first mortgage bonds of a railroad company, and that they were a committee representing the holders of the other bonds, amounting to a stated sum, and that, default having been made in the payment of interest, such committee, for themselves and the other bond-holders, were desirous of changing their investment, and for that pur-pose executed the contract, but the covenants and undertakings con-tained therein bound only the three individuals named and who signed the contract, such recitals did not sufficiently show that the contract was made for the benefit of a firm, of which one of the signers was a mem-ber, which owned certain of the bonds so as to entitle the surviving partner to enforce the contract.

2. SAME—ASSIGNMENT—NECESSITY.

Where a sealed instrument was in fact made for the benefit of a firm of which one of the individual signers was a member, but the contract contained nothing to show that it was other than the personal obliga-tion of the signers, the surviving partner of the firm had no legal ca-pacity to sue without first obtaining an assignment thereof.

McLennan, J., dissenting.

Appeal from special term, Onondaga county.

Action by Luzerne A. Williams, as surviving partner of the firm of Case, Williams & Co., against John Magee and others, as executors of the estate of George J. Magee, deceased, impleaded with Edgar Munson and others. From a judgment sustaining a demurrer to an amended complaint and dismissing the cause, plaintiff appeals. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, and DAVY, JJ.

W. S. Jenny, for appellant.
Frank H. Hiscock, for respondents.

SPRING, J. The plaintiff has brought his action to recover dam-ages for breach of a contract under seal, entered into August 13,

1875, by John E. Gowan, George M. Case, and Edgar Munson, as parties of the first part, and George J. Magee, of the second part. The parties of the first part held first mortgage bonds of a defunct railroad company, amounting to a large sum, and by this agreement with McGee were to foreclose the mortgage securing said bonded indebtedness, purchase the mortgaged property at foreclosure sale, and convey the same to McGee or to a railroad company to be thereafter organized. In consideration whereof Magee was to deliver over to the parties of the first part first mortgage bonds of the said projected railroad company to the amount of 50 per cent. of the principal of the bonds held and represented by the parties of the first part, and the action is based upon the alleged failure of Magee and his assignee, the railroad company, to perform the covenants of the said agreement assumed by him.

It is unnecessary for the determination of this appeal to recite the numerous facts set forth in the complaint leading up to and succeeding the execution of this agreement. Its subject-matter, with its connecting history, has evoked elaborate and learned discussions from the courts. Munson v. Railroad Co., 103 N. Y. 58, 8 N. E. 355; Munson v. Magee, 22 App. Div. 333, 47 N. Y. Supp. 942, affirmed 161 N. Y. 182, 55 N. E. 916. The plaintiff in this action was not a party to the agreement. His right to recover for its breach is founded upon the allegation that Case, one of the parties to it, was acting as the agent of Case, Williams & Co., a copartnership of which the plaintiff is the sole survivor, and which held certain of the said mortgage bonds which were to be delivered to Magee. The complaint contains apposite allegations showing the agency of Case as well as that of the parties of the first part generally in representing in part the other bondholders.

The right of the plaintiff to maintain his cause of action as surviving partner is consequently founded upon the assumption that he can show by extrinsic proof that Case was the agent of the copartnership. The law is apparently well settled in this state that only parties named in and who executed an instrument under seal can enforce its covenants. Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617; Schaefer v. Henkel, 75 N. Y. 378; Whitehouse v. Drisler, 37 App. Div. 525, 56 N. Y. Supp. 95.

Magee could not have compelled the plaintiff and the other alleged bondholders to perform the covenants undertaken by the parties of the first part, even after showing orally they authorized the execution of the agreement. They must have been parties to the instrument, or, at least, that document must show specifically they were the principals and are obligated by it; that is, the agreement establishes who are parties to it and are liable for the fulfillment of its covenants, and may reap its benefits.

There are two circumstances to which the appellant's counsel alludes in vindication of his position. The preamble to the agreement contains the recital that Munson, Case, and Gowan are owners of the first mortgage bonds of the railroad company, "and as a committee represent the holders of the other bonds of said company,

\* \* \* amounting in all to $241,000." Again, the said preamble states that, default having "been made in the payment of the interest upon said bonds, and the said committee for themselves and the other bondholders are desirous" of changing their investment, "Now, this indenture," etc. But when the agreement itself is prepared, wherein the covenants are undertaken, the parties individually are designated as parties of the first part, and as individuals they executed it. The prelude may furnish a reason for the agreement, but it binds no one. Kiersted v. Railroad Co., 69 N. Y. 343, 25 Am. Rep. 199, was an action to recover rent reserved in a lease under seal. It was executed by one Smith as lessee. The lease described him as "the general agent for the 'Virginia and Tennessee Route,' comprising the foregoing railroads," which were named, and included the defendant in the action. Upon the trial it was proven by extraneous evidence that Smith was in fact agent for the defendant with authority to negotiate for a lease. The plaintiff recovered, but the judgment was reversed by the court of appeals. The court in its discussion of this subject used this language at page 345, 69 N. Y., 25 Am. Rep. 199:

"And, if he had been authorized to lease the premises for the defendants, that authority was not executed. The form of the lease made him the lessee, and the covenants in a deed can only be enforced against the party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as the agent for another."

In the sealed contract under consideration in Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550, it was contended that the plaintiffs were not the real parties in interest. The plaintiffs appended to their names in the contract the word "agent," and proof was adduced upon the trial that they were the agents of their wives. The agreement, however, did not in terms bind the wives as principals nor did it name them. The court held the contract was that of the persons who executed it, and they alone could enforce its covenants. The court again drew attention to the distinction between an instrument under seal and one without, and reasserted the principle that in the former indenture only parties to it are recognized in suits for the enforcement of its covenants or to recover damages for a breach of the same. The solemnity which for centuries has been attached to instruments under seal still remains anchored as something tangible and of substance, although in this practical age we are apt to think it rests upon a fiction. If the contract was really for the benefit of plaintiff's firm, before he has legal capacity to sue he must obtain an assignment of the same. The judgment should be affirmed, with the costs and disbursements of this appeal to the respondents.

Judgment affirmed, with costs. All concur, except McLENNAN, J., who dissents.