## VAN ALLEN v. PEABODY et al.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1906.)

1. SPECIFIC PERFORMANCE—SALE OF LAND—PERSONS LIABLE.

   A sealed contract for the sale of land, executed between the owner and an insolvent, whom the real purchaser had procured to take the legal title for him, was not specifically enforceable against the real purchaser.

2. APPEAL—GROUNDS OF ERROR—PRESERVATION IN LOWER COURT.

   In an action by a real estate agent for commissions, it appeared that a sealed contract was executed between defendant and an insolvent, whom the real purchaser had procured to take title for him. The real purchaser subsequently refused to perform. In denying a motion for a nonsuit, the court said that in his opinion an action for specific performance would lie against the real purchaser. *Held*, that an exception to this ruling was sufficient to raise on appeal the question as to whether the contract was enforceable against the real purchaser.

Appeal from Trial Term, Erie County.

Action by Lewis Van Allen against Charles M. Peabody and Elizabeth P. King, as executors and trustees under the last will and testament of William H. Peabody, deceased. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

William D. Van Pelt, for appellants.
August Becker, for respondent.

SPRING, J. The plaintiff is a real estate broker dealing in business property in the city of Buffalo. The defendants owned a saloon fronting on Washington street in that city, which is a street parallel to and adjacent to Main street. A man named Kinne owned a store on Main street and had purchased through the plaintiff, as agent, a saloon called the "Gold Dollar," immediately south of his store building, taking the title, however, in the name of another party, for the reason that he feared his reputation as a church member might be impaired if it became known he was owning that class of property. The plaintiff approached Kinne to purchase the defendant's saloon property on Washington street, and which property was adjacent to the Gold Dollar saloon on the rear. He also solicited and obtained from the defendants authority to sell this tract of real estate. After negotiating for

some time he presented to Kinne a proposition from the defendants to sell the property for $20,000; $5,000 of the purchase price to be paid in cash and the residue secured by the bond and purchase-money mortgage of the purchaser. This proposition was orally accepted by Kinne. He informed the plaintiff that he did not wish to be known in the transaction, and the defendants were not advised that he was the prospective purchaser. The plaintiff explained to the defendants that the proposed buyer was unwilling to have his name disclosed, for he apprehended his standing would be injured if he held the legal title to a saloon. The agreement bearing date January 12, 1905, was drawn by the attorney for the defendants, and the name of the purchasing party was left blank, for Kinne had not yet revealed who was to hold the title in his behalf. Finally he advised the plaintiff that the name of Harold P. Blanchard was to be inserted in the agreement as the purchaser. Blanchard was irresponsible, and was in the employ of Kinne. The records in the county clerk's office indicated that he owned several tracts of land in Buffalo; but in fact Kinne was the real owner, and the title in each instance was taken in Blanchard at the request of Kinne. The agreement of sale and purchase was under seal, and was executed and acknowledged by the defendants and Blanchard. The sale was to be consummated within 30 days. Kinne refused to perform the contract. Blanchard never intended to do so, and was hopelessly insolvent. The plaintiff sued for compensation for his services in procuring a responsible purchaser for this property and has recovered a judgment.

The case was submitted to the jury upon the assumption that Kinne was the real purchaser and the contract was enforceable against him, and the only question of fact was the good faith of the plaintiff in the transaction. We think the court erred in holding that specific performance of the agreement could be compelled against Kinne. He was not a party to the instrument, and the authorities are a unit in holding that an agreement under seal is only valid as between the parties who executed it. Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617; Williams v. Magee, 76 App. Div. 512, 78 N. Y. Supp. 550, affirmed 177 N. Y. 534, 69 N. E. 1133; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561.

In Williams v. Magee, supra, the plaintiff was not a party to the contract, which was under seal, but claimed that one Case, who executed the agreement, was representing the plaintiff and others. The complaint in the action set out the agreement and the agency of Case. The complaint was demurred to, and was sustained on the ground that the interest of the plaintiff could not be shown by extraneous proof. The court, at page 514 of 76 App. Div., page 551 of 78 N. Y. Supp., use this language:

"The right of the plaintiff to maintain his cause of action as surviving partner is consequently founded upon the assumption that he can show by extrinsic proof that Case was the agent of the copartnership. The law is apparently well settled in this state that only parties named in and who executed an instrument under seal can enforce its covenants."

In Briggs v. Partridge, supra, the plaintiffs entered into a sealed agreement with one Hurlburd, whereby they agreed to sell and convey

to him a tract of land described therein. Hurlburd represented the defendants in the transaction, although their names did not appear in the contract. The plaintiff sued the defendants, the real principals, to recover the purchase money, but the complaint was dismissed. The Court of Appeals sustained the judgment, deciding that the oral authority of the vendee could not be shown, as it would contradict the written agreement.

In Henricus v. Englert, supra, the plaintiffs were parties to a written agreement under seal with the village of Brockport, signing as agents, and they were actually the agents of their wives, whose names were not mentioned in the contract. The plaintiffs commenced an action on the contract, and one of the defenses interposed was that the plaintiffs were not the real parties in interest. The court say, at page 494 of 137 N. Y., page 551 of 33 N. E.:

"One of the defenses insisted upon by the defendant was that the plaintiffs were not the real parties in interest and could not maintain this action in their names. The bond was their bond, although the word 'agents' followed their names therein. The defendant did not bind himself or become under any obligation to any other person, and the plaintiffs are the only persons who can maintain an action upon the bond, a sealed instrument; and so it has been frequently held. * * * If this instrument had not been under seal, a different rule would have applied and the real parties in interest, the wives of these plaintiffs, for whom they were acting as agents, could have maintained an action thereon. But, where an instrument is under seal, no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties to the instrument and who signed and sealed the same."

In Kiersted v. Orange & A. R. R. Co., 69 N. Y. 343, 25 Am. Rep. 199, the court in considering this subject uses this language at page 345, 69 N. Y. (25 Am. Rep. 199):

"The form of the lease made him the lessee, and the covenants in the deed can only be enforced against the party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as agent for another."

It is urged that this question is not presented by any exception to the charge. At the close of the evidence the defendant's counsel made a motion for a nonsuit on the ground that there was no liability against Kinne on the contract. To use his language:

"My contention on that is that we have no claim against Mr. Kinne whatever; the contract itself was executed by the parties, under seal; that Mr. Kinne is not a party to that contract; that on that contract we cannot bring an action and enforce any of the covenants made by Mr. Blanchard against Mr. Kinne."

The court, in denying the motion, gave this clear expression to his position on the subject:

"This is the situation as it seems to me from the testimony of Mr. Van Allen, to the effect that he was acting for Mr. Kinne in negotiating the purchase of the property from the Peabody estate, having oral authority to enter into the contract and perfecting the agreement under the direction and authority of Mr. Peabody. The fact that Mr. Kinne had the name of Blanchard put in there to represent him does not relieve him from liability on his purchase. I think an action for specific performance would lie in favor of the Peabody estate against Mr. Kinne to enforce this contract upon the facts stated by Mr. Van Allen. The issue here is whether the arrangement

between Mr. Van Allen and Mr. Kinne was as testified to by Mr. Van Allen or as testified to by Mr. Kinne. Upon Mr. Kinne's statement, there was no contract whatever, no purchase whatever by anybody, no agreement to purchase. It is a square question of fact between these parties. That is all there is of it."

An exception was taken to this ruling of the court. The court elaborated on this subject in its charge, but the pith of it is contained in his statement upon the refusal to nonsuit, and the exception to the position then taken by the court was ample to raise the question.

Irrespective of the subject we have been considering, it is claimed that the plaintiff is entitled to recover because there was a binding agreement with Blanchard, and upon its execution the compensation of the plaintiff accrued. It is sufficient answer to this claim that the case was not tried and submitted to the jury upon the effect of the contract with Blanchard independently of his relations to Kinne as his representative, and we do not, therefore, pass upon that aspect of the case. The judgment and order should be reversed, with costs.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.