(118 App. Div. 208)

### ELLIOTT v. BRADY et al.

(Supreme Court, Appellate Division, First Department.   March 8, 1907.)

SET-OFF AND COUNTERCLAIM—MUTUALITY OF DEMANDS.

Defendants made a purchase of plaintiff, but for convenience the con- tract was put in the form of a sale from plaintiff to D., and was signed by them, and the notes for part of the consideration were merely indorsed by defendants. *Held,* that the contract of sale being under seal, so that D. alone, and not defendants, could sue thereon for fraud inducing its execution, and the notes being merely the evidence of the promise to pay the consideration named in the sealed contract, defendants, when sued as indorsers of the note, may not offset against it damages for fraud in inducing the contract.

Appeal from Trial Term, New York County.

Action by J. M. Elliott, Jr., against James B. Brady and others. From a judgment on a verdict directed for plaintiff, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, HOUGH- TON, McLAUGHLIN, and SCOTT, JJ.

Edward W. Hatch, for appellants.
H. Aaron, for respondent.

SCOTT, J.   This action is brought upon four promissory notes, ag- gregating $125,000, made by the Industrial Securities Company and indorsed by defendants.

It appears from the evidence that in the year 1902 the defendants purchased from plaintiff a controlling amount of the common and preferred stock of Southern Car & Foundry Company for upwards of $600,000.   By arrangement between the parties, and apparently for the convenience of defendants, the actual contract of sale was made be- tween plaintiff and one Martin Paine, who represented and acted for defendants, and who had no personal interest in the transaction or in the stock thus purchased by him.   The contract of sale was dated Octo- ber 21, 1902, was under seal, and was signed by plaintiff and Paine. The contract was within a few days fully carried out, and the stock delivered and paid for.   As part of the consideration, plaintiff then re- ceived promissory notes, indorsed by these defendants, for $259,900, which are the predecessors of the notes now sued upon; the original notes having been partly paid off and renewed, from time to time, as to the unpaid balance.   The defense relied upon is that as an induce- ment to defendants to enter upon an agreement for the purchase of the stock plaintiff made certain false representations as to the value there- of, and suppressed certain material facts, and that defendants, relying upon said false statements, and being in ignorance of the suppressed facts, were induced to purchase the said stock and to indorse the notes. At the trial, after formal proof of the notes, the defendants undertook to prove the allegations of their answer, and, for the purposes of this appeal, it may be assumed that they proved certain misrepresentations. At the close of defendant's case, the court directed a verdict for plain- tiff, and the appeal is from a judgment entered on that verdict.

The defense amounts to an attempt on the part of the defendants to avoid the payment of the consideration for the contract between the plaintiff and Paine by showing that they were induced to cause that contract to be entered into, and to become responsible for the consideration thereof, by the plaintiff's fraud. In our opinion this defense cannot prevail. It is well settled, and is not disputed, that since the agreement was under seal only Paine, the party to it, could sue upon it, and it is equally well settled that Paine alone can sue to recover damages for the alleged fraud in its inducement (Denike v. De Graef, 87 Hun, 61, 33 N. Y. Supp. 1015), and the fact that Paine was merely an agent, and that defendants were the real party in interest, does not entitle the latter to sue. It follows that defendants cannot offset against their promise to pay the contract price the damages resulting from plaintiff's fraud in inducing the contract to be made. Gillespie v. Torrence, 25 N. Y. 306, 82 Am. Dec. 355; Lasher v. Williamson, 55 N. Y. 619.

The defendants seek to avoid the force of this rule by distinguishing between the contract of purchase, and their contract of endorsement, claiming that, as they are sued as indorsers, they may defend by showing that they were induced to become indorsers by fraud. This attempted distinction between the contract of purchase and the agreement to pay the consideration for the purchase cannot avail the defendants. The notes are merely the evidence of the defendants' promise to pay the consideration named in the sealed contract. To attempt to offset against the consideration damages arising from the alleged fraud in inducing the purchase cannot be permitted to one not a party to the sealed instrument. Denike v. De Graef, supra.

Judgment affirmed, with costs. All concur.