PARAGON OIL CO., INC., Respondent, v. CROSS BAY LUMBER CO., INC., Appellant.— Application denied, with ten dollars costs.

SAM MARKMAN, Respondent, v. BROAD DEVELOPING COMPANY, INC., Appellant; ABRAHAM SCHNEIDER and Others, Defendants. LOUIS BROD, as Director, etc., Appellant, v. SAMUEL MARKMAN, Respondent; ABRAHAM SCHNEIDER and Others, Defendants. (Consolidated Actions.) — Motion for stay denied. Young, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., dissents.

ANITA M. McILVAINE, Respondent, v. THOMAS McILVAINE, JR., Appellant.— Motion for reargument of motion to dismiss appeal denied, with leave to renew on argument of appeal. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS DE SENNA, Appellant.— Motion for reargument of motion to dismiss appeal and of motion for enlargement of time granted, and upon reargument motion to dismiss appeal denied, time to perfect and argue appeal enlarged and case ordered on the calendar for Monday, January 12, 1931. Bail bond increased from $500 to $1,000. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

RIDGE HOLDING CORPORATION, Respondent, v. ASHTON HALL CORPORATION, Appellant, and Others, Defendants.— Motion to resettle order granted, and so much of the order as requires appellant to file an undertaking modified by striking out that condition, upon the ground that the action has been tried and judgment granted dismissing the complaint. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

RANDOLPH H. BALDWIN and NINA JOHNSTON BALDWIN, His Wife, Appellants, v. WANAGRU REALTY CORPORATION, Respondent.— Order denying plaintiffs' motion to strike out amended answer and grant summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Rich, Young and Tompkins, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent with the following memorandum: This is an action upon a promissory note executed by the defendant. Defendant seeks to set up, as a defense and as a counterclaim for damages, fraud practiced upon it by the plaintiffs in an entirely separate and distinct transaction for the sale of real estate. It appears affirmatively, however, and indeed defendant does not dispute it, that the fraud, if any, upon which it relies was practiced upon one Grundy and not upon this defendant. That transaction involved a contract under seal, made by the plaintiffs with Grundy. An action for deceit, based upon a sealed contract, cannot be maintained by persons not parties to the instrument. (*Denike* v. *DeGraaf*, 87 Hun, 61; affd., 152 N. Y. 650; *Henricus* v. *Englert*, 137 id. 488; *Van Allen* v. *Peabody*, 112 App. Div. 57.) Such a contract does not bind the defendant. (*Crowley* v. *Lewis*, 239 N. Y. 264.) So it logically follows that fraud and deceit, inducing a sealed contract, is not available as a counterclaim to strangers to the instrument. (*Elliott* v. *Brady*, 192 N. Y. 221, 226.) Moreover, the defendant in its replying affidavit submits facts which indicate conclusively that its claim for fraud was settled.